

# COURT OF APPEALS
**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

## NO. 02-17-00088-CV

IN THE INTEREST OF D.J. AND
D.J., CHILDREN

----------

FROM THE 323RD DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NO. 323-103126-16

----------

## MEMORANDUM OPINION[1]

----------

Appellant D.E.J. (Father) appeals the trial court's order terminating his parental rights to his children, D.J. and D.J. After a bench trial in which Father was represented by counsel, the trial court found that he had knowingly placed or allowed the children to remain in conditions or surroundings that endangered their physical or emotional well-being, had engaged in conduct or knowingly placed the children with persons who engaged in conduct that endangered their physical or emotional well-being, and had constructively abandoned the children.

---

[1]*See* Tex. R. App. P. 47.4.

*See* Tex. Fam. Code Ann. § 161.001(b)(1)(D), (E), (N) (West Supp. 2016). The trial court also found that termination of Father's parental rights was in the children's best interest. *See id.* § 161.001(b)(2).

Father's appointed appellate counsel has filed a brief under *Anders v. California* in which counsel avers that Father's appeal is frivolous and without merit. *See* 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967); *see also In re K.M.*, 98 S.W.3d 774, 776–77 (Tex. App.—Fort Worth 2003, no pet.) (holding that *Anders* procedures apply in parental termination cases). The brief meets the requirements of *Anders* by presenting a professional evaluation of the record and demonstrating why there are no arguable grounds to be advanced on appeal. Counsel also sent Father a letter that informed him of several matters, including his right to file a response to the *Anders* brief. Although given the opportunity, Father has not responded to counsel's *Anders* brief. The State has not filed a brief.

As the reviewing court, we must independently examine the record to decide whether the appeal is frivolous. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *In re K.R.C.*, 346 S.W.3d 618, 619 (Tex. App.—El Paso 2009, no pet.). Having carefully reviewed the record and the *Anders* brief, we agree that the appeal is frivolous. We find nothing in the record that might arguably support Father's appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005). Therefore, we affirm the trial court's order terminating the parent-child relationship between Father and the children. But

2

we deny counsel's motion to withdraw because he does not show "good cause" separate and apart from his accurate determination that there are no arguable grounds for appeal. *See In re P.M.*, No. 15-0171, 2016 WL 1274748, at *3 (Tex. Apr. 1, 2016) (holding that the right to counsel under family code section 107.013(a)(1) extends to proceedings in the supreme court and that in the absence of additional grounds for withdrawal, an *Anders* motion to withdraw brought in the court of appeals may be premature); *In re C.J.*, 501 S.W.3d 254, 255 (Tex. App.—Fort Worth 2016, pets. denied).

/s/ Bill Meier
BILL MEIER
JUSTICE

PANEL: MEIER, SUDDERTH, and KERR, JJ.

DELIVERED: August 3, 2017

3