

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-17-00271-CV

IN THE INTEREST OF N.V., A.V.,
AND S.V., CHILDREN

----------

FROM THE 323RD DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NO. 323-103780-16

----------

## MEMORANDUM OPINION[1]

----------

Appellant T.F. (Mother) appeals the trial court's judgment terminating her parental rights to children N.V., A.V., and S.V. After a bench trial, the trial court found:

- Mother "knowingly placed or knowingly allowed the children to

---

[1]*See* Tex. R. App. P. 47.4.

remain in conditions or surroundings which endangere[d] the[ir] physical or emotional well-being";

- Mother "engaged in conduct or knowingly placed the children with persons who engaged in conduct which endanger[ed] the physical or emotional well-being of the children"; and

- "[T]ermination of the parent-child relationship between [Mother] and the children" was "in the children's best interest."

*See* Tex. Fam. Code Ann. § 161.001(b)(1)(D), (E), (2) (West Supp. 2017).

Mother's court-appointed appellate counsel has filed an *Anders* brief stating that after thoroughly reviewing the record, he believes that any appeal by Mother would be frivolous. *See Anders v. California*, 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967); *see also In re K.M.*, 98 S.W.3d 774, 776–77 (Tex. App.—Fort Worth 2003, no pet.) (holding that *Anders* procedures apply in parental termination cases). Mother's appointed appellate counsel's brief meets the requirements of *Anders* by presenting a professional evaluation of the record and demonstrating why there are no arguable grounds of error to be advanced on appeal. *See In re D.D.*, 279 S.W.3d 849, 850 (Tex. App.—Dallas 2009, pet. denied). Although given the opportunity, Mother did not file a response to the *Anders* brief. The Texas Department of Family and Protective Services, Appellee, also filed no responsive brief.

As the reviewing appellate court, we must conduct an independent evaluation of the record to decide whether counsel correctly determined that Mother's appeal is frivolous. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *In re K.R.C.*, 346 S.W.3d 618, 619 (Tex. App.—El Paso 2009,

no pet.).  Having carefully reviewed the record and the *Anders* brief, we agree with Mother's appellate counsel that her appeal is frivolous and without merit.  *See K.R.C.*, 346 S.W.3d at 619.  We find nothing in the record that arguably might support the appeal.  *See D.D.*, 279 S.W.3d at 850.  Accordingly, we affirm the trial court's judgment.

Counsel's motion to withdraw from representing Mother includes a request for a brief extension to permit Mother "an opportunity to request the record on appeal, and file a response and brief in this cause."  We afforded Mother that opportunity in our October 3, 2017 letter, giving her fourteen days to notify this court of her wish to examine the record and to file a pro se response to the *Anders* brief.  Further, counsel's motion to withdraw from representing Mother does not show cause for the withdrawal other than his conclusion that the appeal is frivolous.  We therefore deny the motion.  *See In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016); *In re C.J.*, 501 S.W.3d 254, 255 (Tex. App.—Fort Worth 2016, pets. denied).[2]

PER CURIAM

PANEL:  PITTMAN, WALKER, and MEIER, JJ.

DELIVERED:  December 7, 2017

---

[2]The Supreme Court of Texas has held that in cases such as this, "appointed counsel's obligations can be satisfied by filing a petition for review that satisfies the standards for an *Anders* brief."  *P.M.*, 520 S.W.3d at 27–28.