

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-17-00372-CV

IN THE INTEREST OF B.S., A
CHILD

----------

FROM THE 323RD DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NO. 323-104564-17

----------

## MEMORANDUM OPINION[1]

----------

Appellant T.K. (Mother) appeals the trial court's order terminating her parental rights to her child B.S. The trial court found by clear and convincing evidence that termination was appropriate under subsections (D), (E), (M), and (N) of family code section 161.001(b)(1) and that termination was in B.S.'s best interest. *See* Tex. Fam. Code Ann. § 161.001(b)(1)(D), (E), (M), (N), (2) (West Supp. 2017).

---

[1]*See* Tex. R. App. P. 47.4.

Mother's court-appointed appellate attorney has filed a motion to withdraw as counsel and a brief in support of that motion, averring that after diligently reviewing the record, she believes that the appeal is frivolous. *See Anders v. California*, 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967); *see also In re K.M.*, 98 S.W.3d 774, 776–77 (Tex. App.—Fort Worth 2003, no pet.) (holding that *Anders* procedures apply in parental termination cases). The brief meets the requirements of *Anders* by presenting a professional evaluation of the record and demonstrating why there are no arguable grounds to be advanced on appeal. Although given the opportunity, Mother did not file a response.

As the reviewing appellate court, we must independently examine the record to decide whether an attorney is correct in determining that the appeal is frivolous. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *In re K.R.C.*, 346 S.W.3d 618, 619 (Tex. App.—El Paso 2009, no pet.). Having carefully reviewed the record and the *Anders* brief, we agree that the appeal is frivolous. We find nothing in the record that might arguably support Mother's appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005).

Therefore, we affirm the trial court's order terminating the parent-child relationship between Mother and B.S. However, we deny the motion to withdraw because it does not show "good cause" separate and apart from its accurate determination that there are no arguable grounds for appeal. *See In re P.M.*, 520

S.W.3d 24, 27 (Tex. 2016); *In re C.J.*, 501 S.W.3d 254, 255 (Tex. App.—Fort Worth 2016, pets. denied).[2]

/s/ Bill Meier
BILL MEIER
JUSTICE

PANEL:  MEIER, GABRIEL, and KERR, JJ.

DELIVERED:  February 15, 2018

---

[2]"[A]ppointed counsel's obligations can be satisfied by filing a petition for review that satisfies the standards for an *Anders* brief."  *P.M.*, 520 S.W.3d at 27–28.

3