

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-18-00063-CV

IN THE INTEREST OF E.A.,
A CHILD

----------

FROM THE 323RD DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NO. 323-104036-16

----------

## MEMORANDUM OPINION[1]

----------

Appellant C.A. (Mother) appeals the trial court's judgment terminating her parent-child relationship with her son E.A. After a bench trial, the trial court found that termination of the relationship was in E.A.'s best interest and that Mother:

> 6.1.1.   knowingly placed or knowingly allowed [E.A.] to remain in conditions or surroundings which endanger[ed his] physical or emotional well-being . . . ;
>
> 6.1.2.   engaged in conduct or knowingly placed [E.A.] with

---

[1]*See* Tex. R. App. P. 47.4.

persons who engaged in conduct which endanger[ed his] physical or emotional well-being . . . ;

6.1.3. constructively abandoned [E.A.,] who ha[d] been in the permanent or temporary managing conservatorship of the Department of Family and Protective Services for not less than six months[,] and: (1) the Department ha[d] made reasonable efforts to return [him] to . . . [M]other; (2) [she had] not regularly visited or maintained significant contact with [E.A.]; and (3) [she had] demonstrated an inability to provide [him] with a safe environment . . . ; and

6.1.4. failed to comply with the provisions of a court order that specifically established the actions necessary for [her] to obtain [E.A.'s] return[, when he had] been in the permanent or temporary managing conservatorship of the Department of Family and Protective Services for not less than nine months as a result of [his] removal from [Mother] . . . for . . . abuse or neglect.

*See* Tex. Fam. Code Ann. § 161.001(b)(1)(D), (E), (N), (O), (2) (West Supp. 2017).

Mother's court-appointed appellate counsel has filed an *Anders* brief stating that after thoroughly reviewing the record, she believes that any appeal by Mother would be frivolous. *See Anders v. California*, 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967); *see also In re K.M.*, 98 S.W.3d 774, 776–77 (Tex. App.—Fort Worth 2003, no pet.) (holding that *Anders* procedures apply in parental termination cases). Mother's appointed appellate counsel's brief meets the requirements of *Anders* by presenting a professional evaluation of the record and demonstrating why there are no arguable grounds of error to be advanced on appeal. *See In re D.D.*, 279 S.W.3d 849, 850 (Tex. App.—Dallas 2009, pet. denied). Although given the opportunity, Mother did not file a response to the

2

*Anders* brief. The Texas Department of Family and Protective Services, Appellee, also filed no responsive brief.

As the reviewing appellate court, we must conduct an independent evaluation of the record to decide whether counsel correctly determined that Mother's appeal is frivolous. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *In re K.R.C.*, 346 S.W.3d 618, 619 (Tex. App.—El Paso 2009, no pet.). Having carefully reviewed the record and the *Anders* brief, we agree with Mother's appellate counsel that her appeal is frivolous and without merit. *See K.R.C.*, 346 S.W.3d at 619. We find nothing in the record that arguably might support the appeal. *See D.D.*, 279 S.W.3d at 850. Accordingly, we affirm the trial court's judgment.

Counsel's motion to withdraw from representing Mother does not show cause for the withdrawal other than counsel's conclusion that the appeal is frivolous. We therefore deny the motion. *See In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016); *In re C.J.*, 501 S.W.3d 254, 255 (Tex. App.—Fort Worth 2016, pets. denied).[2]

---

[2]The Supreme Court of Texas has held that in cases such as this, "appointed counsel's obligations can be satisfied by filing a petition for review that satisfies the standards for an *Anders* brief." *P.M.*, 520 S.W.3d at 27–28.

PER CURIAM

PANEL:  PITTMAN, J.; SUDDERTH, C.J.; and WALKER, J.

DELIVERED:  June 21, 2018

4