

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-18-00237-CV

_____

IN THE INTEREST OF H.B., A CHILD

---

On Appeal from the 158th District Court
Denton County, Texas
Trial Court No. 14-09721-431

---

Before Pittman, J.; Sudderth, C.J.; and Kerr, J.
Per Curiam Memorandum Opinion

# MEMORANDUM OPINION

Appellant Z.B. (Father) appeals the trial court's judgment terminating his parent-child relationship with his daughter H.B. After a jury trial, the jury found that termination of the relationship was in H.B.'s best interest and that Father:

- knowingly placed or knowingly allowed . . . [H.B.] to remain in conditions or surroundings which endangered [her] physical or emotional well-being . . . [;]

- engaged in conduct or knowingly placed [H.B.] with persons who engaged in conduct which endangered [her] physical or emotional well-being . . . [; and]

- failed to comply with the provisions of a court order that specifically established the actions necessary for [him] to obtain [H.B.'s] return . . . , [when she had] been in the temporary managing conservatorship of the Department of Family and Protective Services [TDFPS] for not less than nine months as a result of [her] removal from [Father] for abuse or neglect.

*See* Tex. Fam. Code Ann. § 161.001(b)(1)(D), (E), (O), (2) (West Supp. 2018). The trial court approved the findings and incorporated them into the order terminating Father's parental rights.

Father's court-appointed appellate counsel has filed an *Anders* brief stating that after thoroughly reviewing the record, he believes that any appeal by Father would be frivolous. *See Anders v. California*, 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967); *see also In re K.M.*, 98 S.W.3d 774, 776–77 (Tex. App.—Fort Worth 2003, no pet.) (holding that *Anders* procedures apply in parental termination cases). Father's appellate counsel's brief meets the requirements of *Anders* by presenting a professional

2

evaluation of the record and demonstrating why there are no arguable grounds of error to be advanced on appeal. *See In re D.D.*, 279 S.W.3d 849, 850 (Tex. App.—Dallas 2009, pet. denied). Although given the opportunity, Father did not file a response to the *Anders* brief. TDFPS, Appellee, also filed no responsive brief.

As the reviewing appellate court, we must conduct an independent evaluation of the record to decide whether Father's appellate counsel correctly determined that the appeal is frivolous. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *In re K.R.C.*, 346 S.W.3d 618, 619 (Tex. App.—El Paso 2009, no pet.). Having carefully reviewed the record and the *Anders* brief, we agree with Father's appellate counsel that the appeal is frivolous and without merit. *See K.R.C.*, 346 S.W.3d at 619. We find nothing in the record that arguably might support the appeal. *See D.D.*, 279 S.W.3d at 850. Accordingly, we affirm the trial court's judgment.

Father's appellate counsel requests that we refer this matter back to the trial court "at the appropriate time" to consider "a request . . . to withdraw from further representation." As his appellate counsel recognizes, Father must have counsel until his appeals are exhausted: "[A]ppointed counsel's obligations can be satisfied by filing a petition for review that satisfies the standards for an *Anders* brief." *In re P.M.*, 520 S.W.3d 24, 27–28 (Tex. 2016); *see In re C.J.*, 501 S.W.3d 254, 255 (Tex. App.—Fort Worth 2016, pets. denied). We therefore deny appellate counsel's request. *See P.M.*, 520 S.W.3d at 27.

Per Curiam

Delivered:  December 20, 2018