

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-20-00349-CV

———————————————————

IN THE INTEREST OF C.K., A CHILD

---

On Appeal from the 324th District Court
Tarrant County, Texas
Trial Court No. 324-679187-20

---

Before Sudderth, C.J.; Bassel and Walker, JJ.
Memorandum Opinion by Justice Bassel

**MEMORANDUM OPINION**

Mother appeals from the trial court's final judgment terminating her parental rights to C.K. and appointing the Texas Department of Family and Protective Services C.K.'s permanent managing conservator. *See* Tex. Fam. Code Ann. § 161.001(b)(1)(D), (E), (O), (R), (b)(2). We affirm.

Mother's court-appointed appellate attorney filed a motion to withdraw as counsel and a brief in support of that motion, averring that after diligently reviewing the record, he believes that the appeal is frivolous. *See Anders v. California*, 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967); *see also In re K.M.*, 98 S.W.3d 774, 776–77 (Tex. App.—Fort Worth 2003, order) (reasoning that *Anders* procedures apply in noncriminal appeals when appointment of counsel is mandated by statute). The brief meets the requirements of *Anders* by presenting a professional evaluation of the record and demonstrating why there are no arguable grounds to be advanced on appeal.[1] Mother did not file a response although given the opportunity to do so. The Department filed a letter stating that it would not be submitting a response to the *Anders* brief.

As the reviewing appellate court, we must independently examine the record to decide whether an attorney is correct in determining that the appeal is frivolous. *See*

---

[1]Although counsel raised two possible grounds for appeal—sufficiency of the evidence to support both the conduct and best-interest grounds—he explained in his brief why they would not result in reversal.

2

*Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *In re K.R.C.*, 346 S.W.3d 618, 619 (Tex. App.—El Paso 2009, no pet.).

Having carefully reviewed the record and the *Anders* brief, we agree that Mother's appeal is frivolous. We find nothing in the record that might arguably support the appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005). But we deny the motion to withdraw because it does not seek withdrawal for any reason other than counsel's conclusion that there are no arguable grounds for appeal. *See In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016) (order); *In re C.J.*, 501 S.W.3d 254, 255 (Tex. App.—Fort Worth 2016, pets. denied). Accordingly, counsel remains appointed in this appeal through proceedings in the supreme court[2] unless otherwise relieved from his duties for good cause in accordance with Family Code Section 107.016(3)(C). Tex. Fam. Code Ann. § 107.016(3)(C); *see P.M.*, 520 S.W.3d at 27–28.

We affirm the trial court's judgment.

/s/ Dabney Bassel

Dabney Bassel
Justice

Delivered: February 11, 2021

---

[2]"[A]ppointed counsel's obligations can be satisfied by filing a petition for review that satisfies the standards for an *Anders* brief." *P.M.*, 520 S.W.3d at 27–28; *In re S.U.*, No. 02-19-00395-CV, 2020 WL 1949626, at *11 (Tex. App.—Fort Worth Apr. 23, 2020, no pet.) (mem. op.).

3