**In the Interest of K.R.C. and W.E.C., Minor Children.**

**No. 08–08–00161–CV.**

Court of Appeals of Texas, El Paso.

April 16, 2009.

Rosemary Rose, San Angelo, TX, for Appellant Cox (Mother).

Michael Shulman, Office of General Counsel, TDFPS, Austin, TX, for Appellee.

Stephen W. Taliaferro, Attorney At Law, Kermit, TX, for Appellant W.C. (Father).

Dawn B. Cahill, Wallace Law Offices, Sonora, TX, Chad Elkins, Eldorado, TX, Attorneys Ad Litem.

Before CHEW, C.J., McCLURE, and RIVERA, JJ.

### OPINION

DAVID WELLINGTON CHEW, Chief Justice.

M.R.C. appeals from a judgment terminating her parental rights. We affirm.

M.R.C. is represented on appeal by court appointed counsel who has filed a brief in accordance with the requirements of *Anders v. California*, 386 U.S. 738, 741–44, 87 S.Ct. 1396, 1398–1400, 18 L.Ed.2d 493 (1967). Court appointed counsel has concluded that after a thorough review of the record, M.R.C.'s appeal is frivolous and without merit. In *Anders*, the Supreme Court recognized that counsel, though appointed to represent the appellant in an appeal from a criminal conviction, had no duty to pursue a frivolous matter on appeal. *Anders*, 386 U.S. at 744, 87 S.Ct. at 1400. Thus, counsel was permitted to withdraw after informing the court of his

conclusion and the effort made in arriving at that conclusion. *Id.*

The Texas Supreme Court has not addressed whether *Anders* applies to an appeal from a termination of parental rights. However, this Court, along with many of our sister courts of appeals, has concluded that the procedures set forth in *Anders* are applicable when an appointed attorney concludes that there are no non-frivolous issues to assert on appeal. *See Taylor v. Texas Dept. of Protective and Regulatory Services,* 160 S.W.3d 641, 646–47 (Tex. App.-Austin 2005, pet. denied); *In re D.E.S.,* 135 S.W.3d 326, 329 (Tex.App.-Houston [14th Dist.] 2004, no pet.); *In re K.D.,* 127 S.W.3d 66, 67 (Tex.App.-Houston [1st Dist.] 2003, no pet.); *Porter v. Texas Dept. of Protective and Regulatory Services,* 105 S.W.3d 52, 56 (Tex.App.-Corpus Christi 2003, no pet.); *In re K.M.,* 98 S.W.3d 774, 777 (Tex.App.-Fort Worth 2003, no pet.); *In re E.L.Y.,* 69 S.W.3d 838, 841 (Tex.App.-Waco 2002, no pet.); *In re K.S.M.,* 61 S.W.3d 632, 634 (Tex.App.-Tyler 2001, no pet.); *In re A.W.T.,* 61 S.W.3d 87, 88 (Tex.App.-Amarillo 2001, no pet.) *see also In re J.B.,* 296 S.W.3d 618, 619 (Tex. App.-El Paso 2009, no pet. h.) (holding *Anders* is applicable in an appeal from a termination of parental rights where court appointed counsel has determined that the appeal is frivolous).

Court appointed counsel's brief meets the requirements of *Anders* by advancing contentions which might arguably support the appeal. *See Anders,* 386 U.S. at 744, 87 S.Ct. at 1400; *High v. State,* 573 S.W.2d 807 (Tex.Crim.App.1978). Counsel has established that she provided M.R.C. with a copy of the *Anders* brief, notified M.R.C. of her right to file a *pro se* brief, and explained how M.R.C. could obtain a copy of the appellate record. M.R.C. has not exercised her right to file a *pro se* brief. Having thoroughly reviewed the record and counsel's brief, we agree with coun-

sel's assessment that the appeal is frivolous and without merit. A further discussion of the arguable grounds advanced in counsel's brief would add nothing to the jurisprudence of the state. The judgment is affirmed.