

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-15-00304-CV

IN THE INTEREST OF B.M., A
CHILD

----------

## FROM THE 323RD DISTRICT COURT OF TARRANT COUNTY
## TRIAL COURT NO. 323-100933-14

----------

## **MEMORANDUM OPINION**[1]

----------

Appellant T.M. appeals the trial court's judgment terminating her parental rights to her son, B.M.[2]  After a bench trial, the trial court found that clear and convincing evidence[3] had established that T.M. knowingly placed or knowingly

---

[1]*See* Tex. R. App. P. 47.4.

[2]To protect B.M.'s anonymity, we use initials only.  *See* Tex. Fam. Code Ann. § 109.002(d) (West 2014); Tex. R. App. P. 9.8(b)(2).  The trial court also terminated the parental rights of B.M.'s father, but he did not appeal.

[3]Among other facts, the evidence showed that T.M. has a history of using illegal drugs, that B.M. tested positive for marijuana after residing with T.M., that

allowed B.M. to remain in conditions or surroundings that endangered his physical or emotional well-being, engaged in conduct or knowingly placed B.M. with persons who engaged in conduct that endangered his physical or emotional well-being, and failed to comply with the provisions of a court order that established the actions necessary for her to obtain B.M.'s return. *See* Tex. Fam. Code Ann. § 161.001(b)(1)(D), (E), (O) (West Supp. 2015). The trial court also found by clear and convincing evidence that termination of T.M.'s parental rights is in B.M.'s best interest. *See id.* § 161.001(b)(2).

T.M.'s court-appointed appellate counsel has filed a motion to withdraw and an *Anders* brief in support, stating that after diligently reviewing the record, he believes that this appeal is frivolous. *See Anders v. California*, 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967); *see also In re K.M.*, 98 S.W.3d 774, 776–77 (Tex. App.—Fort Worth 2003, no pet.) (holding that *Anders* procedures apply in parental termination cases). T.M.'s appointed appellate counsel's brief meets the requirements of *Anders* by presenting a professional evaluation of the record and demonstrating why there are no arguable grounds of error to be advanced on appeal. Although given the opportunity, T.M. did not file a response to the *Anders* brief.

---

T.M. has had her parental rights to several prior children terminated, that T.M. did not complete various court-ordered services, and that B.M. was residing with a foster family who desired to adopt him.

As the reviewing appellate court, we must independently examine the record to decide whether counsel is correct in determining that T.M.'s appeal is frivolous. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *In re K.R.C.*, 346 S.W.3d 618, 619 (Tex. App.—El Paso 2009, no pet.). Having carefully reviewed the record and counsel's *Anders* brief, we agree with counsel that T.M.'s appeal is frivolous. *See K.R.C.*, 346 S.W.3d at 619. We find nothing in the record that might arguably support the appeal. *See In re D.D.*, 279 S.W.3d 849, 850 (Tex. App.—Dallas 2009, pet. denied). Accordingly, we grant T.M.'s appellate counsel's motion to withdraw and affirm the trial court's judgment.

/s/ Terrie Livingston

TERRIE LIVINGSTON
CHIEF JUSTICE

PANEL: LIVINGSTON, C.J.; MEIER and GABRIEL, JJ.

DELIVERED: February 18, 2016

3