

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-18-00142-CV

IN THE INTEREST OF J.L.R., A CHILD

On Appeal from the 222nd District Court
Deaf Smith County, Texas
Trial Court No. DR-16L-180, Honorable Roland D. Saul, Presiding

July 12, 2018

MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PARKER, JJ.

Appellant D.L., the mother, appeals the termination of her parental rights to her daughter, J.L.R.[1]  *See* TEX. FAM. CODE ANN. § 161.001 (West Supp. 2017).  The mother's court-appointed appellate counsel has filed a motion to withdraw supported by an *Anders* brief.  *Anders v. California,* 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967); *In re P.M.,* 520 S.W.3d 24, 27 (Tex. 2016) (per curiam).  We will affirm the final order of the trial court and take no action on counsel's motion to withdraw.

---

[1] To protect the child's privacy, we will refer to the child's mother as D.L. and "the mother" and to the child as J.L.R.  *See* TEX. FAM. CODE ANN. § 109.002(d) (West Supp. 2017); TEX. R. APP. P. 9.8(b).

J.L.R. was born November 18, 2016. Final hearing testimony and documentary evidence showed that during her pregnancy with J.L.R. the mother used methamphetamine "at least every other day," consumed a significant amount of liquor nightly, and smoked tobacco. She admitted using methamphetamine on the day of J.L.R.'s birth. J.L.R. tested positive at birth for amphetamines, methamphetamines and TCH, and experienced "some withdrawal issues."

J.L.R. was removed from the mother in December 2016 and appellee, the Texas Department of Family and Protective Services, was appointed temporary managing conservator. Placement was with fictive kin. Under the Department's family plan of service, the mother was required to perform various services to obtain the return of J.L.R. Although the service plan was made a court order, the mother did not perform the required services.

Evidence showed the mother was nineteen when J.L.R. was born, and reported she first used methamphetamine at age eleven. There was evidence she used methamphetamine daily at times. There also was evidence of her convictions for possession of controlled substances in March 2016 and September 2017. The September 2017 conviction resulted from the revocation of her deferred adjudication community supervision imposed in July 2015. Documents from criminal proceedings stated she also had admitted the use of methamphetamine in September 2015, February 2016, and November 2016.

Final hearing in the matter of J.L.R. was to the bench in April 2018. The Department requested termination of the mother's parental rights, leading to adoption of

the child by the fictive kin placement.[2]  J.L.R.'s attorney ad litem supported the Department's position on termination and the prospective adoption.  The court found termination of the mother's parental rights was in the best interest of J.L.R. and the mother had violated the predicate grounds of Family Code subsections 161.001(b)(1)(D),(E),(N),(O),(P)&(R).  TEX. FAM. CODE ANN. § 161.001(b)(1)(D),(E),(N), (O),(P) & (R) (West Supp. 2017).

Counsel's *Anders* brief presents a professional evaluation of the record demonstrating there are no arguable grounds for appeal.  *Anders,* 386 U.S. at 744-45. We find counsel's motion to withdraw and brief meet the requirements of *Anders.*  Counsel also has demonstrated she provided a copy of her brief and the record to the mother and notified her of her right to file a pro se response if she desired.  *Kelly v. State,* 436 S.W.3d 313, 319 (Tex. Crim. App. 2014).  By letter from the clerk, we also notified the mother of her opportunity to respond to counsel's brief.  She did not respond.

When presented with a motion to withdraw supported by an *Anders* brief we are required to independently examine the entire record and decide whether counsel has correctly determined the record does not present an arguable ground for appeal.  *Stafford v. State,* 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *In re A.W.T.,* 61 S.W.3d 87, 89 (Tex. App.—Amarillo 2001, no pet.).  We have carefully reviewed the record and counsel's *Anders* brief and agree with counsel that the record presents no arguable

---

[2] J.L.R.'s father's parental rights were terminated in the same proceeding; he has not appealed.

grounds for appeal. *In re K.R.C.,* 346 S.W.3d 618, 619 (Tex. App.—El Paso 2009, no pet.).

The trial court's order terminating the mother's parental rights to J.L.R. is affirmed. We take no action on counsel's motion to withdraw but call counsel's attention to the continuing duty of representation through the exhaustion of proceedings, which may include the filing of a petition for review. *In re P.M.,* 520 S.W.3d at 27.

James T. Campbell
Justice