

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-18-00214-CV

———————————————

IN THE INTEREST OF J.B., J.B., K.B., AND K.B., CHILDREN

---

On Appeal from the 324th District Court
Tarrant County, Texas
Trial Court No. 324-498489-11

---

Before Sudderth, C.J.; Gabriel and Birdwell, JJ.
Memorandum Opinion by Chief Justice Sudderth

**MEMORANDUM OPINION**

Appellant Mother I.P. appeals the termination of her parental rights to her four children, J.B., J.B., K.B., and K.B. *See* Tex. Fam. Code Ann. § 161.001 (West Supp. 2018). Mother's court-appointed appellate counsel filed a motion to withdraw as counsel and a brief in support of that motion. *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967); *In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016). Counsel's brief and motion meet the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief. *See* 386 U.S. at 741–42, 87 S. Ct. at 1399. Although given the opportunity, Mother has not filed a response.

As the reviewing appellate court, we must independently examine the record to decide whether counsel is correct in determining that an appeal in this case is frivolous. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *In re K.R.C.*, 346 S.W.3d 618, 619 (Tex. App.—El Paso 2009, no pet.). Having carefully reviewed the record and the *Anders* brief, we agree with counsel that the appeal is frivolous. *See K.R.C.*, 346 S.W.3d at 619. We find nothing in the record that might arguably support Mother's appeal. Accordingly, we affirm the trial court's order.

We deny Mother's counsel's motion to withdraw in light of *In re P.M.* because the brief does not show "good cause" other than counsel's determination that an appeal would be frivolous. 520 S.W.3d at 27 ("[A]n *Anders* motion to withdraw brought in the court of appeals, in the absence of additional grounds for withdrawal,

may be premature."); *In re A.M.*, 495 S.W.3d 573, 582–83 (Tex. App.—Houston [1st Dist.] 2016, pet. denied) (noting that since *In re P.M.* was handed down, "most courts of appeals affirming parental termination orders after receiving *Anders* briefs have denied the attorney's motion to withdraw"). The supreme court has held that in cases such as this, "appointed counsel's obligations [in the supreme court] can be satisfied by filing a petition for review that satisfies the standards for an *Anders* brief." *P.M.*, 520 S.W.3d at 27–28.

/s/ Bonnie Sudderth

Bonnie Sudderth
Chief Justice

Delivered: October 18, 2018