In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-18-00354-CV**

_____

**IN THE INTEREST OF T.B.**

**On Appeal from the 279th District Court**
**Jefferson County, Texas**
**Trial Cause No. C-232,057**

**MEMORANDUM OPINION**

Mother appeals from an order terminating her parental rights to her son, T.B.[1]

Following a hearing, the trial court found that statutory grounds existed to support a

decision terminating Mother's parental rights and that terminating Mother's rights

to T.B. is in T.B.'s best interest.[2] While Mother's court-appointed trial attorney filed

---

[1] To protect the identity of the minor child, we have not used the name of the child, that of his parents, or the other members of his family. *See* Tex. R. App. P. 9.8(a), (b).

[2] *See* Tex. Fam. Code Ann. §§ 161.001(b)(1)(M), 161.001(b)(2) (West Supp. 2018).

a notice of appeal, her court-appointed appellate attorney, after reviewing the record, filed an *Anders* brief.[3] In the brief, the attorney indicates that she reviewed the record but could find no grounds that have merit upon which she could file a brief challenging the trial court's ruling.

In our opinion, the brief that is before us complies with the requirements for *Anders* briefs. It presents an attorney's professional evaluation of the record and explains why no arguable grounds exist to overturn the trial court's judgment.[4] Mother's appellate attorney has represented to the Court that she gave Mother a copy of the brief that was filed in Mother's appeal, notified Mother of her right to file a *pro se* brief, and explained how Mother could review a copy of the record that is before the Court in this appeal. The Court's records show that Mother did not file a response.

We have independently evaluated the record of the hearing that resulted in the trial court's decision to terminate Mother's parental rights.[5] Based on our review of

---

[3] *See Anders v. California*, 386 U.S. 738 (1967); *see also In re L.D.T.*, 161 S.W.3d 728, 731 (Tex. App.—Beaumont 2005, no pet.) (holding that *Anders* procedures apply in parental-rights termination cases).

[4] *See In re D.D.*, 279 S.W.3d 849, 850 (Tex. App.—Dallas 2009, pet. denied).

[5] *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *see also In re K.R.C.*, 346 S.W.3d 618, 619 (Tex. App.—El Paso 2009, no pet.).

the record, we conclude that no arguable grounds exist to support an appeal from the trial court's judgment and that the appeal is frivolous.[6]

For those reasons, we affirm the trial court's judgment. While Mother's court-appointed attorney filed a motion to withdraw, we deny that motion because appellate counsel's duty to represent her client extends through the exhaustion or waiver of all appeals.[7] Should Mother advise counsel that she desires to pursue an appeal to the Supreme Court of Texas, counsel may satisfy her obligation to Mother "by filing a petition for review that satisfies the standards for an *Anders* brief."[8]

AFFIRMED.

_____
HOLLIS HORTON
Justice

Submitted on November 26, 2018
Opinion Delivered February 7, 2019

Before McKeithen, C.J., Horton and Johnson, JJ.

---

[6] *See In re K.R.C.*, 346 S.W.3d at 619; *In re D.D.*, 279 S.W.3d at 850.

[7] *See* Tex. Fam. Code Ann. § 107.016(3)(B) (West Supp. 2018); *In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016).

[8] *In re P.M.*, 520 S.W.3d at 27-28.