

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

## No. 02-18-00383-CV

———————————————

## IN THE INTEREST OF C.T., D.T., J.T., AND J.T., CHILDREN

---

On Appeal from the 323rd District Court
Tarrant County, Texas
Trial Court No. 323-105839-17

---

Before Sudderth, C.J.; Gabriel and Womack, JJ.
Memorandum Opinion by Chief Justice Sudderth

# MEMORANDUM OPINION

Appellant Mother appeals the termination of her parental rights to her children, C.T., D.T., J.T., and J.T. *See* Tex. Fam. Code Ann. § 161.001. Mother's court-appointed appellate counsel filed a motion to withdraw as counsel and a brief in support of that motion. *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967); *In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016). Counsel's brief and motion meet the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief. *See* 386 U.S. at 741–42, 87 S. Ct. at 1399. Further, counsel informed Mother of her right to request the record and to file a pro se response. *See Kelly v. State*, 436 S.W.3d 313, 319–21 (Tex. Crim. App. 2014). In addition, this court informed Mother of these rights and gave her the opportunity to notify this court of her intent to respond. Mother filed a pro se response. The Department of Family and Protective Services did not file a response.

As the reviewing appellate court, we must independently examine the record to decide whether counsel is correct in determining that an appeal in this case is frivolous. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *In re K.R.C.*, 346 S.W.3d 618, 619 (Tex. App.—El Paso 2009, no pet.). Having carefully reviewed the record and the *Anders* brief, we agree with counsel that the appeal is frivolous. *See K.R.C.*, 346 S.W.3d at 619. We find nothing in the record that might arguably support Mother's appeal. Accordingly, we affirm the trial court's order.

We deny Mother's counsel's motion to withdraw in light of *P.M.* because the brief does not show "good cause" other than counsel's determination that an appeal would be frivolous. *See* 520 S.W.3d at 27 ("[A]n *Anders* motion to withdraw brought in the court of appeals, in the absence of additional grounds for withdrawal, may be premature."); *In re A.M.*, 495 S.W.3d 573, 582 n.2 (Tex. App.—Houston [1st Dist.] 2016, pets. denied) (noting that since *P.M.* was handed down, "most courts of appeals affirming parental termination orders after receiving *Anders* briefs have denied the attorney's motion to withdraw"). The supreme court has held that in cases such as this, "appointed counsel's obligations [in the supreme court] can be satisfied by filing a petition for review that satisfies the standards for an *Anders* brief." *P.M.*, 520 S.W.3d at 27–28.

/s/ Bonnie Sudderth
Bonnie Sudderth
Chief Justice

Delivered: March 7, 2019

3