

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-19-00067-CV

_____

IN THE INTEREST OF B.M., A CHILD

On Appeal from the 211th District Court
Denton County, Texas
Trial Court No. 17-7613-211

Before Sudderth, C.J.; Birdwell and Bassel, JJ.
Memorandum Opinion by Chief Justice Sudderth

**MEMORANDUM OPINION**

Based on a jury verdict, the trial court terminated the parent-child relationship between Appellant N.M. (Mother) and her son, B.M. *See* Tex. Fam. Code Ann. § 161.001(b)(1)(D), (E), (M), (O), (2). Mother appeals that final order. Her court-appointed appellate counsel filed a motion to withdraw as counsel and a brief in support of that motion. *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967); *In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016). Counsel's brief and motion meet the requirements of *Anders* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief. *See* 386 U.S. at 741–42, 87 S. Ct. at 1399. Further, counsel and this court informed Mother of her right to request the record and to file a pro se response. *See Kelly v. State*, 436 S.W.3d 313, 319–21 (Tex. Crim. App. 2014); *In re S.P.*, 509 S.W.3d 552, 559 (Tex. App.—El Paso 2016, no pet.). Mother filed a pro se response challenging the legal and factual sufficiency of the evidence supporting all the grounds of termination found by the jury. *See* Tex. Fam. Code Ann. § 161.001(b)(1)(D), (E), (M), (O), (2). The Texas Department of Family and Protective Services did not file a brief.

As the reviewing appellate court, we must independently examine the record to decide whether counsel is correct in determining that an appeal in this case is frivolous. *See P.M.*, 520 S.W.3d at 28, n.14; *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). Having carefully reviewed the record, the *Anders* brief, and Mother's pro se response, we agree with counsel that this appeal is frivolous. *See In re*

*K.R.C.*, 346 S.W.3d 618, 619 (Tex. App.—El Paso 2009, no pet.). We find nothing in the record that might arguably support Mother's appeal. Accordingly, we affirm the trial court's final order.

As for appointed counsel's motion to withdraw, we deny it in light of *P.M.* because the brief does not show "good cause" other than counsel's determination that an appeal would be frivolous. *See* 520 S.W.3d at 27 ("[A]n *Anders* motion to withdraw brought in the court of appeals, in the absence of additional grounds for withdrawal, may be premature."); *In re A.M.*, 495 S.W.3d 573, 582 n.2 (Tex. App.—Houston [1st Dist.] 2016, pets. denied) (noting that since *P.M.* was handed down, "most courts of appeals affirming parental termination orders after receiving *Anders* briefs have denied the attorney's motion to withdraw"). The supreme court has held that when intermediate appellate courts affirm *Anders* termination cases, "appointed counsel's obligations [in the supreme court] can be satisfied by filing a petition for review that satisfies the standards for an *Anders* brief." *P.M.*, 520 S.W.3d at 27–28.

/s/ Bonnie Sudderth
Bonnie Sudderth
Chief Justice

Delivered: August 15, 2019

3