

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-19-00218-CV

_____

IN THE INTEREST OF J.B., A CHILD

---

On Appeal from the 393rd District Court
Denton County, Texas
Trial Court No. 16-00637-393

---

Before Kerr, Bassel, and Womack, JJ.
Memorandum Opinion by Justice Kerr

## MEMORANDUM OPINION

Appellant Mother appealed the judgment terminating her parental rights to her child.[1] We dismiss.

Parental-rights-termination appeals are accelerated. Tex. R. App. P. 28.4(a)(1). So far as reasonably possibly, we are required to dispose of them within 180 days after the appellant files the notice of appeal. *See* Tex. R. Jud. Admin. 6.2(a); *see also In re M.P.*, 02-18-00361-CV, 2019 WL 490514, at *1 n.1 (Tex. App.—Fort Worth Feb. 7, 2019, no pet.) (mem. op.) (describing termination appeals as ultra-accelerated).

Mother's brief was originally due on July 29, 2019. Before that deadline, on July 24, Mother's appointed counsel moved to extend the time to file her brief, and on July 25, we granted her motion and extended the time to August 12.

But on July 29, Mother's appointed counsel moved to withdraw because Mother wanted to proceed pro se. In response to that motion, on August 2, we abated the appeal for the trial court to conduct a *Faretta* hearing. *See Faretta v. California*, 422 U.S. 806, 835, 95 S. Ct. 2525, 2541 (1975) ("Although a defendant need not [personally] have the skill and experience of a lawyer in order competently and intelligently to choose self-representation, [the defendant] should be made aware of

---

[1]We refer to appellant simply as Mother. *See* Tex. R. App. P. 9.8(b)(2) (requiring courts to use aliases to refer to minors in parental-rights-termination cases and—if needed to protect the minors' identities—to also use aliases when referring to family members); *see also* Tex. Fam. Code Ann. § 109.002(d).

the dangers and disadvantages of self-representation, so that the record will establish that [the defendant chose to proceed pro se] 'with eyes open.'").

As requested, the trial court conducted the *Faretta* hearing, and supplemental records of that hearing were filed in our court, so on August 29 we granted appointed counsel's motion to withdraw, allowed Mother to proceed pro se, and set September 27 as the deadline for her brief. In our order, we specifically stated that because Mother's appeal was accelerated, we would not grant any additional briefing extensions and that should she fail to file a brief, dismissing the appeal for want of prosecution was one of the possible consequences.

September 27 came and went, and Mother failed to file a brief, so on October 3, we sent a clerk's letter warning her that her appeal might be dismissed for want of prosecution unless she filed on or before October 14 both a brief and a motion reasonably explaining why she did not file her brief earlier and why she needed more time. To date, Mother has filed neither a brief nor a motion.

Because Mother has not prosecuted her appeal, we dismiss it. *See* Tex. R. App. P. 38.8(a)(1); *see also In re C.A.O.*, No. 13-16-00237-CV, 2016 WL 5234605, at *1 (Tex. App.—Corpus Christi–Edinburg Sept. 22, 2016, no pet.) (mem. op.) (per curiam); *In re K.R.C.*, No. 08-08-00161-CV, 2008 WL 5046309, at *1 (Tex. App.—El Paso Nov. 25, 2008, order) (mem. op.) (dismissing father's appeal), *disp. on merits*, 346 S.W.3d 618, 619 (Tex. App.—El Paso 2009, no pet.) (affirming mother's termination).

/s/ Elizabeth Kerr

Elizabeth Kerr
Justice

Delivered:  October 25, 2019