

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-20-00292-CV

_____

IN THE INTEREST OF L.P. AND R.P., CHILDREN

On Appeal from the 462nd District Court
Denton County, Texas
Trial Court No. 15-04712-431

Before Sudderth, C.J.; Birdwell and Bassel, JJ.
Memorandum Opinion by Chief Justice Sudderth

# MEMORANDUM OPINION

Mother appeals the trial court's order awarding permanent joint managing conservatorship of her young children, L.P. and R.P.,[1] to their paternal grandparents and giving Mother possessory conservatorship subject to various restrictions. *See* Tex. Fam. Code Ann. §§ 153.191–.193 (possessory conservatorship), § 263.405 (appeal of final order in suit initiated by Department of Family and Protective Services).

Mother's court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion. *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967); *In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016). Counsel's brief and motion meet the requirements of *Anders* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief. *See* 386 U.S. at 741–42, 87 S. Ct. at 1399. Neither Mother nor the Department of Family and Protective Services has filed a response.

As the reviewing appellate court, we must independently examine the record to decide whether counsel is correct in determining that an appeal in this case is frivolous. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *In re K.R.C.*, 346 S.W.3d 618, 619 (Tex. App.—El Paso 2009, no pet.). Having carefully reviewed the record and the *Anders* brief, we agree with counsel that the appeal is

---

[1]At the time of the trial, L.P. was eight years old and R.P. was four years old.

frivolous. *See K.R.C.*, 346 S.W.3d at 619. We find nothing in the record that might arguably support Mother's appeal. Accordingly, we affirm the trial court's judgment.

We deny Mother's counsel's motion to withdraw in light of *P.M.* because the brief does not show "good cause" other than counsel's determination that an appeal would be frivolous. 520 S.W.3d at 27 ("[A]n *Anders* motion to withdraw brought in the court of appeals, in the absence of additional grounds for withdrawal, may be premature."); *In re A.M.*, 495 S.W.3d 573, 582 n.2 (Tex. App.—Houston [1st Dist.] 2016, pets. denied) (noting that since *P.M.* was handed down, "most courts of appeals affirming parental termination orders after receiving *Anders* briefs have denied the attorney's motion to withdraw"). The supreme court has held that in cases such as this, "appointed counsel's obligations [in the supreme court] can be satisfied by filing a petition for review that satisfies the standards for an *Anders* brief." *P.M.*, 520 S.W.3d at 27–28.

/s/ Bonnie Sudderth
Bonnie Sudderth
Chief Justice

Delivered: January 14, 2021