

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-20-00389-CV

———————————————

IN THE INTEREST OF S.P., K.P., AND A.W., CHILDREN

On Appeal from the 231st District Court
Tarrant County, Texas
Trial Court No. 231-684596-20

Before Sudderth, C.J.; Birdwell and Bassel, JJ.
Memorandum Opinion by Chief Justice Sudderth

## MEMORANDUM OPINION

Appellant Father W.P. appeals the trial court's order appointing the Department of Family and Protective Services as managing conservator and him as a possessory conservator of his two children, S.P. and K.P.,[1] with supervised-visitation rights. *See* Tex. Fam. Code Ann. § 161.001. Father's court-appointed appellate counsel filed a brief seeking permission to withdraw. *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967); *In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016). Counsel's brief meets the requirements of *Anders* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief. *See* 386 U.S. at 741–42, 87 S. Ct. at 1399. Father did not file a response.

As the reviewing appellate court, we must independently examine the record to decide whether counsel is correct in determining that an appeal in this case is frivolous. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *In re K.R.C.*, 346 S.W.3d 618, 619 (Tex. App.—El Paso 2009, no pet.). Having carefully reviewed the record and the *Anders* brief, we agree with counsel that the appeal is frivolous. *See K.R.C.*, 346 S.W.3d at 619. We find nothing in the record that might arguably support Father's appeal. Accordingly, we affirm the judgment.

We deny Father's counsel's motion to withdraw in light of *P.M.* because the brief does not show "good cause" other than counsel's determination that an appeal

---

[1]Child A.W. was subject to the same suit in the trial court below but is not related to Father and Father's appeal does not relate to A.W.

would be frivolous. 520 S.W.3d at 27 ("[A]n *Anders* motion to withdraw brought in the court of appeals, in the absence of additional grounds for withdrawal, may be premature."); *In re A.M.*, 495 S.W.3d 573, 582–83 (Tex. App.—Houston [1st Dist.] 2016, pet. denied) (noting that since *P.M.* was handed down, "most courts of appeals affirming parental termination orders after receiving *Anders* briefs have denied the attorney's motion to withdraw"). The supreme court has held that in cases such as this, "appointed counsel's obligations [in the supreme court] can be satisfied by filing a petition for review that satisfies the standards for an *Anders* brief." *P.M.*, 520 S.W.3d at 27–28.

/s/ Bonnie Sudderth
Bonnie Sudderth
Chief Justice

Delivered: March 4, 2021

3