

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-21-00026-CV

IN THE INTEREST OF Z.H., A CHILD

On Appeal from the County Court at Law No. 1
Randall County, Texas
Trial Court No. 68293B, Honorable Jack M. Graham, Presiding

April 13, 2021

## MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and DOSS, JJ.

In this termination of parental rights case, L.H. (father) challenges the trial court's final order terminating his parental rights to his son, Z.H.[1]  *See* TEX. FAM. CODE ANN. § 161.001(b)(1)(C), (L), (N), (O), (Q), (b)(2) (West Supp. 2020).  Appellee is the Texas Department of Family and Protective Services.  L.H.'s court-appointed counsel has filed a motion to withdraw supported by an *Anders*[2] brief.  Finding no arguable grounds for

---

[1] To protect the child's privacy, we will refer to the parent and child by initials.  *See* TEX. FAM. CODE ANN. § 109.002(d) (West Supp. 2020); TEX. R. APP. P. 9.8(a), (b).  The parental rights of Z.H.'s mother ("Mother") were also terminated, but she did not appeal from that decision.

[2] *See Anders v. California,* 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

appeal, we affirm the judgment of the trial court and take no action on counsel's motion to withdraw.

The Department caseworker testified at final hearing that Z.H. and his half-siblings were removed from the home of Mother and stepfather for "drug abuse . . . and testing positive for drugs." According to the caseworker's testimony, L.H. was incarcerated throughout the Department's case for the offenses of failure to register as a sex offender and bail jumping. Evidence shows that in 2005 L.H. was convicted in Louisiana of the offense of "carnal knowledge of a juvenile" and was imprisoned there. In July 2016, L.H. was convicted in Texas of "sex offender duty to register" and sentenced to five years' confinement in prison. Undisputed evidence shows that L.H. is scheduled for release from prison in May 2021.

On removal, Z.H., and his half-siblings, were placed with his maternal grandmother where he remained at the time of final hearing. The caseworker testified Z.H. was "doing great," "very well," and that the grandmother desired adopting the child.

Counsel's *Anders* brief presents a professional evaluation of the record supporting her opinion there are no arguable grounds for appeal. *Anders,* 386 U.S. at 744-45. We find that counsel's motion to withdraw and brief meet the requirements of *Anders*. Counsel also showed she provided L.H. a copy of her motion to withdraw, brief, and the record, and notified L.H. of his right to file a pro se response if he desired. *Kelly v. State,* 436 S.W.3d 313, 319 (Tex. Crim. App. 2014). By letter from the Clerk of this Court, L.H. was notified of his opportunity to respond to counsel's brief. He filed no response.

2

When presented with a motion to withdraw supported by an *Anders* brief, we are required to independently examine the entire record and decide whether counsel has correctly determined the record does not present an arguable ground for appeal. *Stafford v. State,* 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *In re A.W.T.,* 61 S.W.3d 87, 89 (Tex. App.—Amarillo 2001, no pet.). We have carefully reviewed the record and counsel's *Anders* brief and agree with counsel that the record presents no arguable grounds for appeal. *In re K.R.C.,* 346 S.W.3d 618, 619 (Tex. App.—El Paso 2009, no pet.).

The trial court's final order terminating L.H.'s parental rights to Z.H. is affirmed. We take no action on counsel's motion to withdraw, but call counsel's attention to the continuing duty of representation through the exhaustion of proceedings. *In re P.M.,* 520 S.W.3d 24, 27 (Tex. 2016) (per curiam).

Lawrence M. Doss
Justice