**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-21-00367-CV**

_____

**IN THE INTEREST OF C.Z.M.**

_____

**On Appeal from the County Court at Law No. 2**
**Orange County, Texas**
**Trial Cause No. E190668-D**

_____

**MEMORANDUM OPINION**

Father and Mother appeal from an order terminating their parental rights to their four-year-old child, C.Z.M. A jury found, by clear and convincing evidence, that statutory grounds exist for termination of Mother and Father's parental rights and that termination of their parental rights would be in the best interest of the child. *See* Tex. Fam. Code Ann. §§ 161.001(b)(1)(D), (E), (O), (2); 161.003.

Mother and Father's appointed attorneys submitted briefs in which both attorneys contend that there are no meritorious issues for appeal and that the appeals are frivolous. *See Anders v. California*, 386 U.S. 738 (1967); *In re L.D.T.*, 161

1

S.W.3d 728, 730-31 (Tex. App.—Beaumont 2005, no pet.) (*Anders* procedures apply in parental-rights termination cases). The briefs present the attorney's professional evaluation of the record and explains why no arguable grounds exist to overturn the trial court's judgment. Both attorneys represented to the Court that they gave Mother and Father a copy of the *Anders* brief filed, notified both parents of their right to file a pro se brief, and provided Mother and Father a copy of the appellate record. The Court notified Mother and Father of their right to file a pro se response and of the deadline for doing so. Neither Mother nor Father filed a response with the Court.

We have independently evaluated the appellate record and the briefs filed by Mother and Father's court-appointed attorneys. *See Penson v. Ohio*, 488 U.S. 75, 80 (1988) (citing *Anders*, 386 U.S. at 744); *Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005); *In re K.R.C.*, 346 S.W.3d 618, 619 (Tex. App.—El Paso 2009, no pet.). Based on our review of the record, we have found nothing that would arguably support an appeal and we agree that the appeals are frivolous and lack merit. *See Bledsoe*, 178 S.W.3d at 827-28 ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1."); *In re K.R.C.*, 346 S.W.3d at 619. Therefore, we find it unnecessary to order appointment of new

counsel to re-brief this appeal. *Compare Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).

We affirm the trial court's order terminating Mother and Father's parental rights. We deny the motion to withdraw filed by Father's court-appointed appellate attorney because the right to counsel in suits seeking the termination of parental rights extends through the exhaustion or waiver of all appeals.[1] *See* Tex. Fam. Code Ann. § 107.016(2)(B); *In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016). Accordingly, the attorney's obligation to Father has not been discharged. *See In re P.M.*, 520 S.W.3d at 27. Should Mother and Father decide to pursue an appeal to the Supreme Court of Texas, counsel's obligation to Mother and Father can be met "by filing a petition for review that satisfies the standards for an *Anders* brief." *See id.* at 27-28.

AFFIRMED.

_____
CHARLES KREGER
Justice

Submitted on April 11, 2022
Opinion Delivered April 21, 2022

Before Golemon, C.J., Kreger and Johnson, JJ.

---

[1] Mother's counsel did not file a motion to withdraw.