**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-22-00111-CV**
_____

**IN THE INTEREST OF E.L.W.**

**On Appeal from the 279th District Court**
**Jefferson County, Texas**
**Trial Cause No. F-239,383**

**MEMORANDUM OPINION**

Mother and Father appeal from an order terminating their parental rights to their eleven-month-old daughter, E.L.W. The trial court found, by clear and convincing evidence, that statutory grounds exist for termination of Mother's and Father's parental rights and that termination of their parental rights would be in the best interest of the child. *See* Tex. Fam. Code Ann. § 161.001(b)(1)(D), (E), (F), (N), (O), (2).

Mother's and Father's appointed attorneys submitted briefs in which both attorneys contend that there are no meritorious issues for appeal and that the appeals are frivolous. *See Anders v. California*, 386 U.S. 738 (1967); *In re L.D.T.*, 161

1

S.W.3d 728, 730-31 (Tex. App.—Beaumont 2005, no pet.) (*Anders* procedures apply in parental-rights termination cases). The briefs present the attorneys' professional evaluation of the record and explain why no arguable grounds exist to overturn the trial court's judgment. Both attorneys represented to the Court that they gave Mother and Father a copy of the *Anders* brief they filed, notified both parents of their right to file a pro se brief, and provided Mother and Father a copy of the appellate record. The Court notified Mother and Father of their right to file a pro se response and of the deadline for doing so. Neither Mother nor Father filed a response with the Court.

We have independently evaluated the appellate record and the briefs filed by Mother's and Father's court-appointed attorneys. *See Penson v. Ohio*, 488 U.S. 75, 80 (1988) (citing *Anders*, 386 U.S. at 744); *Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005); *In re K.R.C.*, 346 S.W.3d 618, 619 (Tex. App.—El Paso 2009, no pet.). Based on our review of the record, we have found nothing that would arguably support an appeal and we agree that the appeals are frivolous and lack merit. *See Bledsoe*, 178 S.W.3d at 827-28 ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1."); *In re K.R.C.*, 346 S.W.3d at 619. Therefore, we find it unnecessary to order appointment of new

2

counsel to re-brief this appeal. *Cf. Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).

We affirm the trial court's order terminating Mother's and Father's parental rights. We deny the motions to withdraw filed by Mother's and Father's court-appointed appellate attorneys because the right to counsel in suits seeking the termination of parental rights extends through the exhaustion or waiver of all appeals. *See* Tex. Fam. Code Ann. § 107.016(2)(B); *In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016). Accordingly, the obligation of Mother's counsel to Mother and the obligation to Father's counsel to Father have not been discharged. *See In re P.M.*, 520 S.W.3d at 27. Should Mother or Father decide to pursue an appeal to the Supreme Court of Texas, their respective counsel's obligation can be met "by filing a petition for review that satisfies the standards for an *Anders* brief." *See id.* at 27-28.

AFFIRMED.

_____
LEANNE JOHNSON
Justice

Submitted on August 15, 2022
Opinion Delivered August 18, 2022

Before Kreger, Horton and Johnson, JJ.

3