In The
*Court of Appeals*
*Ninth District of Texas at Beaumont*
**NO. 09-22-00156-CV**
**IN THE INTEREST OF J.S.**

**On Appeal from the 317th District Court**
**Jefferson County, Texas**
**Trial Cause No. C-237,066-A**

## MEMORANDUM OPINION

Mother[1] appeals from an order terminating her parental rights to her two-year-old child J.S. The trial court found, by clear and convincing evidence, that statutory grounds exist for termination of Mother's parental rights and that termination of her parental rights would be in the best interest of the child.[2] *See* Tex. Fam. Code Ann. § 161.001(b)(1)(D), (E), (N), (O), (P), (2).

---

[1] We refer to the appellant as "Mother" and her child as "J.S." to protect their identities. *See* Tex. R. App. P. 9.8(b)(2).

[2] The trial court terminated J.S.'s father's parental rights by an interlocutory order, and J.S.'s father did not appeal.

Mother's appointed counsel submitted a brief in which counsel states that he has concluded that there are no meritorious issues for appeal and that the appeal is frivolous. *See Anders v. California*, 386 U.S. 738 (1967); *In re L.D.T.*, 161 S.W.3d 728, 731 (Tex. App.—Beaumont 2005, no pet.) (holding that *Anders* procedures apply in parental-rights termination cases). The brief presents counsel's professional evaluation of the record and explains why no arguable grounds exist to overturn the trial court's judgment. Mother's appellate counsel has represented to the Court that she gave Mother a copy of the brief that was filed, notified Mother of her right to file a pro se brief, and provided Mother a copy of the appellate record. The Court notified Mother of her right to file a pro se response and the deadline for doing so. The Court's records show that Mother did not file a response.

We have independently evaluated the appellate record and counsel's brief. *See Penson v. Ohio*, 488 U.S. 75, 80 (1988) (citing *Anders*, 386 U.S. at 744); *Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005); *In re K.R.C.*, 346 S.W.3d 618, 619 (Tex. App.—El Paso 2009, no pet.). Based on our review of the record, we conclude that no arguable grounds exist to support an appeal from the trial court's judgment, and we have found nothing that would arguably support an appeal. *See Bledsoe*, 178 S.W.3d at 827-28 ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirements of

Texas Rule of Appellate Procedure 47.1."); *In re K.R.C.*, 346 S.W.3d at 619. Therefore, we find it unnecessary to order appointment of new counsel to re-brief this appeal. *Cf. Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).

We affirm the trial court's order terminating Mother's parental rights. We deny the motion to withdraw filed by Mother's court-appointed appellate counsel because an attorney's duty in suits seeking the termination of parental rights extends through the exhaustion or waiver of all appeals. *See* Tex. Fam. Code Ann. § 107.016(2)(B); *In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016). Accordingly, the obligation of Mother's counsel to Mother has not been discharged. *See In re P.M.*, 520 S.W.3d at 27. Should Mother decide to pursue an appeal to the Supreme Court of Texas, counsel's obligations to Mother can be met by filing a petition for review that satisfies the standards for an *Anders* brief. *See id.* at 27-28.

AFFIRMED.

_____
LEANNE JOHNSON
Justice

Submitted on August 31, 2022
Opinion Delivered September 8, 2022

Before Golemon, C.J., Kreger and Johnson, JJ.

3