

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-22-00269-CV

———————————————

IN THE INTEREST OF T.B., H.B., J.B., AND G.B., CHILDREN

On Appeal from the 325th District Court
Tarrant County, Texas
Trial Court No. 325-680549-20

Before Bassel, J.; Sudderth, C.J.; and Kerr, J.
Per Curiam Memorandum Opinion

**MEMORANDUM OPINION**

This is an ultra-accelerated appeal[1] in which Appellant C.B. (Father) appeals the termination of his parental rights to his four sons—Tom,[2] Harry, James, and George—following a bench trial. Father's court-appointed appellate counsel filed an amended *Anders* brief averring that after diligently reviewing the record, he believes that the appeal is frivolous. *See Anders v. California*, 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967); *see also In re K.M.*, 98 S.W.3d 774, 776–77 (Tex. App.—Fort Worth 2003, no pet.) (reasoning that *Anders* procedures apply in noncriminal appeals when appointment of counsel is mandated by statute). The brief meets the requirements of *Anders* by presenting a professional evaluation of the record and by demonstrating why there are no arguable grounds to be advanced on appeal. Although given the opportunity, Father did not file a response. The Department of Family and Protective Services filed a letter stating that because Father had not pointed to any arguable grounds for relief, the Department would not reply to the *Anders* brief filed by Father's counsel.

As the reviewing appellate court, we must independently examine the record to decide whether an attorney is correct in determining that the appeal is frivolous. *See*

---

[1]*See* Tex. R. Jud. Admin. 6.2(a) (requiring appellate court to dispose of appeal from a judgment terminating parental rights, so far as reasonably possible, within 180 days after notice of appeal is filed).

[2]*See* Tex. R. App. P. 9.8(b)(2) (requiring court to use aliases to refer to minors in an appeal from a judgment terminating parental rights). All four children are referred to using aliases.

*Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *In re K.R.C.*, 346 S.W.3d 618, 619 (Tex. App.—El Paso 2009, no pet.).  Having carefully reviewed the record and the *Anders* brief, we agree that Father's appeal is frivolous.  We find nothing in the record that might arguably support Father's appeal.  *See Bledsoe v. State*, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005).  Accordingly, we affirm the judgment terminating Father's parental rights to Tom, Harry, James, and George.

Father's counsel remains appointed in this case through proceedings in the Texas Supreme Court unless otherwise relieved from his duties for good cause in accordance with Family Code Section 107.016(2)(C).  *See In re P.M.*, 520 S.W.3d 24, 27–28 (Tex. 2016) (order); *see also* Tex. Fam. Code Ann. § 107.016(2)(C).

Per Curiam

Delivered:  November 17, 2022