**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-23-00181-CV**
_____

**IN THE INTEREST OF S.R.H. III AND I.M.H.**

**On Appeal from the 75th District Court**
**Liberty County, Texas**
**Trial Cause No. 21DC-CV-01094**

**MEMORANDUM OPINION**

Father appeals an order terminating his parental rights to his minor children, Sam and Irene.[1] The trial court found, by clear and convincing evidence, that statutory grounds exist for termination of Father's parental rights and that termination of his parental rights would be in the best interest of the children. *See* Tex. Fam. Code Ann. § 161.001(b)(1)(D), (E), (O), (P), (2).[2]

---

[1]To protect the identity of the children, we use pseudonyms to refer to the children and the parents. *See* Tex. R. App. P. 9.8(b)(2).

[2]The trial court also terminated Mother's parental rights, but she is not a party to this appeal.

1

Father's appointed attorney submitted a brief in which she contends that there are no meritorious issues for appeal and that the appeal is frivolous. *See Anders v. California*, 386 U.S. 738 (1967); *In re L.D.T.*, 161 S.W.3d 728, 730–31 (Tex. App.—Beaumont 2005, no pet.) (noting *Anders* procedures apply in parental-rights termination cases). The brief presents the attorney's professional evaluation of the record and explains why no arguable grounds exist to overturn the trial court's judgment. The attorney represented to the Court that she gave Father a copy of the *Anders* brief she filed, notified Father of his right to file a pro se brief, and provided Father a copy of the appellate record. The Court notified Father of his right to file a pro se response and the deadline for doing so. Father did not file a response with the Court.

We have independently evaluated the appellate record and the brief filed by Father's court-appointed attorney. *See Penson v. Ohio*, 488 U.S. 75, 80 (1988) (citing *Anders*, 386 U.S. at 744); *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005); *In re K.R.C.*, 346 S.W.3d 618, 619 (Tex. App.—El Paso 2009, no pet.). Based on our review of the record, we have found nothing that would arguably support an appeal and agree that the appeal is frivolous and lacks merit. *See Bledsoe*, 178 S.W.3d at 827–28 ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for arguable error but found none, the court of appeals met the

2

requirements of Texas Rule of Appellate Procedure 47.1."); *In re K.R.C.*, 346 S.W.3d at 619. Therefore, we find it unnecessary to order appointment of new counsel to re-brief the appeal. *Cf. Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).

We affirm the trial court's order terminating Father's parental rights. Should Father decide to pursue an appeal to the Supreme Court of Texas, his counsel's obligation can be met "by filing a petition for review that satisfies the standards for an *Anders* brief." *See In re P.M.*, 520 S.W.3d 24, 27–28 (Tex. 2016) (citations omitted).

AFFIRMED.

W. SCOTT GOLEMON
Chief Justice

Submitted on October 16, 2023
Opinion Delivered October 26, 2023

Before Golemon, C.J., Johnson and Wright, JJ.

3