In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-23-00380-CV
_____

IN THE INTEREST OF A.F., S.F., G.F., AND L.B.

On Appeal from the 88th District Court
Hardin County, Texas
Trial Cause No. 63404

## MEMORANDUM OPINION

Following a bench trial in a suit affecting the parent-child relationship, the trial court terminated the parent-child relationship between A.F., S.F., G.F., L.B. and their mother.[1]  In the trial court's

---

[1]To protect the identity of the children, we have used pseudonyms for the names of the children and their parents. *See* Tex. R. App. P. 9.8(b)(2). Additionally, the trial court terminated the rights of the father of the four children when it terminated Mother's parental rights based on an irrevocable affidavit of relinquishment that he signed prior to trial. *See* Tex. Fam. Code Ann. § 161.001(b)(1)(K). After the trial court signed the order terminating the parent-child relationship with the four children, Father did not file an appeal.

Order of Termination, the trial court found by clear and convincing evidence that Mother: (1) knowingly placed or knowingly allowed her children to remain in conditions or surroundings that endangered their physical or emotional well-being; (2) engaged in conduct or knowingly placed her children with persons who engaged in conduct that endangered their physical or emotional well-being; (3) constructively abandoned her children under the conditions prescribed by Texas Family Code section 161.001(b)(1)(N); and (4) failed to comply with the provisions of a court-ordered-family-service plan that were sufficient to justify a ruling terminating her parental rights.[2]

The trial court also found that terminating Mother's parent-child relationship with the children is in the children's best interest.[3] Based on these findings, the trial court signed an order terminating Mother's relationship with the children—seven-year-old G.F., five-year-old S.F.,

---

[2] *Id.* § 161.001(b)(1)(D) (condition-based endangerment), (E) (conduct-based endangerment), (N) (constructive abandonment), and (O) (failed to comply with a court-ordered family service plan).

[3] *Id.* § 161.001(b)(2) (best interest).

two-year-old A.F., and nine-month-old L.B. Subsequently, Mother timely filed her notice of appeal.[4]

After Mother appealed, Mother's court-appointed attorney submitted a brief. In the brief, Mother's attorney states that she "finds an absence of meritorious grounds for appeal and submits the basis of any appeal in this case would be frivolous[.]"[5] The brief presents the attorney's professional evaluation of the record and explains why no arguable grounds exist to overturn the trial court's judgment. The attorney represented to the Court that she gave Mother a copy of the

---

[4]Mother's notice of appeal was filed in Trial Court Cause Number 63404 since the Order of Termination the trial court signed in that cause addresses the Department's claims against Mother and all four of her children, including L.B. We note, however, that Trial Court Cause Number 63404 was consolidated with a case the Department subsequently filed against Mother and Father, Trial Court Cause Number 63859 on September 15, 2023. In Trial Court Cause Number 63859 the Department asked the trial court to terminate Mother's and Father's parental rights to L.B., who was born after the Department filed Cause Number 63404 in which it asked the trial court to terminate their rights to G.F., S.F., and A.F. In Cause Number 63404, the Department filed a motion to consolidate, asked the trial court to consolidate the two cases into the lower cause number (Cause Number 63404), and the trial court granted the motion so the case involving all four children could be handled in Trial Court Cause Number 63404.

[5]*See Anders v. California*, 386 U.S. 738 (1967); *In re L.D.T.*, 161 S.W.3d 728, 730-31 (Tex. App.—Beaumont 2005, no pet.) (*Anders* procedures apply in parental-rights termination cases).

*Anders* brief that she filed, notified Mother of her right to file a pro se brief, and notified Mother of how she could access the appellate record. Subsequently, the Clerk of the Ninth Court of Appeals notified Mother that she had the right to file a pro se response and of the deadline for doing so. Mother, however, did not file a response.

We have independently evaluated the appellate record and the brief Mother's attorney filed in the appeal.[6] Based on our review, we agree with Mother's attorney that Mother's appeal is frivolous.[7] Ample evidence was admitted in the trial to support the trial court's predicate findings under subsections (D), (E), (N), and (O), and to support its best interest finding under subsection 161.001(b)(2).

The evidence the trial court heard shows the problems in the home centered on Mother's and Father's use of methamphetamine. The trial court heard testimony that the children's parents were using

---

[6] *See Penson v. Ohio*, 488 U.S. 75, 80 (1988) (citing *Anders*, 386 U.S. at 744); *Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005); *In re K.R.C.*, 346 S.W.3d 618, 619 (Tex. App.—El Paso 2009, no pet.).

[7] *See Bledsoe*, 178 S.W.3d at 827-28 ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1."); *In re K.R.C.*, 346 S.W.3d at 619.

methamphetamine while the children were at home. The testimony and exhibits admitted into evidence reflect that Mother and Father were involved in incidents of domestic violence that occurred in the home, some of which occurred while the children were present. The trial court's family-service-plan required Mother to obtain drug treatment and drug testing during the pendency of the case, but the trial court heard testimony that Mother failed to comply with that provision and many of the other requirements of the plan. Mother also didn't maintain regular contact with the children after the they were removed from Mother's custody and placed in foster care.

As the factfinder, it isn't arguable that the evidence doesn't support the trial court's reasonable conclusion on this record that Mother's illegal drug use presented a risk to Mother's ability to parent and endangered her four children. It is also not arguable that terminating Mother's relationship with her children given the evidence that she didn't either obtain or complete a drug treatment plan is in their best interest given her historical use of meth. For all these reasons, we find it unnecessary to require the trial court to appoint new counsel to re-brief the appeal.[8]

---

[8]*Cf. Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).

The trial court's order terminating Mother's parental rights is affirmed.[9]

AFFIRMED.

HOLLIS HORTON
Justice

Submitted on March 20, 2024
Opinion Delivered April 4, 2024

Before Golemon, C.J., Horton and Wright, JJ.

---

[9]We note that if Mother decides to pursue review by the Supreme Court of Texas, counsel may satisfy her obligations to Mother "by filing a petition for review that satisfies the standards for an *Anders* brief." *In re P.M.*, 520 S.W.3d 24, 27-28 (Tex. 2016).