**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-24-00226-CV**
_____

**IN THE INTEREST OF B.R. AND A.R.**

**On Appeal from the 88th District Court**
**Hardin County, Texas**
**Trial Cause No. 63380**

**MEMORANDUM OPINION**

Father appeals from an order appointing Maternal Grandmother the nonparent Permanent Managing Conservator of B.R. and A.R.[1] The trial court found that appointing Father as managing conservator of B.R. and A.R would not be in the best interest of the children because the appointment would significantly impair the children's physical or emotional development. Tex. Fam. Code Ann. § 153.131.

---

[1]To protect the identity of the children, we use initials to refer to the children. *See* Tex. R. App. P. 9.8(b)(2). The trial court's order also found that appointing Mother as managing conservator of B.R. and A.R would not be in the best interest of the children because the appointment would significantly impair the children's physical or emotional development, but the mother is not a party to this appeal.

1

Father's court-appointed attorney submitted a brief in which she contends that there are no meritorious issues for appeal and that the appeal is frivolous. *See Anders v. California*, 386 U.S. 738 (1967); *In re L.D.T.*, 161 S.W.3d 728, 730-31 (Tex. App.—Beaumont 2005, no pet.) (*Anders* procedures apply in parental-rights termination cases). The brief presents the attorney's professional evaluation of the record and explains why no arguable grounds exist to overturn the trial court's judgment. The attorney represented to the Court that she gave Father a copy of the *Anders* brief she filed, notified Father of the right to file a pro se brief, and notified Father of how to access the appellate record. The Court notified Father of his right to file a pro se response and of the deadline for doing so. Father did not file a response with the Court.

We have independently evaluated the appellate record and the brief filed by Father's court-appointed attorney. *See Penson v. Ohio*, 488 U.S. 75, 80 (1988) (citing *Anders*, 386 U.S. at 744); *Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005); *In re K.R.C.*, 346 S.W.3d 618, 619 (Tex. App.—El Paso 2009, no pet.). Based on our review, we have found nothing that would arguably support an appeal, and we agree that the appeal is frivolous and lacks merit. *See Bledsoe*, 178 S.W.3d at 827-28 ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas

Rule of Appellate Procedure 47.1."); *In re K.R.C.*, 346 S.W.3d at 619. Therefore, we find it unnecessary to order appointment of new counsel to re-brief the appeal. *Cf. Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).

Accordingly, we affirm the trial court's order.[2]

AFFIRMED.

KENT CHAMBERS
Justice

Submitted on November 13, 2024
Opinion Delivered December 5, 2024

Before Golemon, C.J., Johnson and Chambers, JJ.

---

[2]We note that if Appellant decides to pursue review by the Supreme Court of Texas, counsel may satisfy his obligations to Appellant "by filing a petition for review that satisfies the standards of an *Anders* brief." *In re P.M.*, 520 S.W.3d 24, 27-28 (Tex. 2016).