In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-25-00067-CV**

_____

**IN THE INTEREST OF J.G.**

**On Appeal from the 279th District Court
Jefferson County, Texas
Trial Cause No. 24DCFM0701**

**MEMORANDUM OPINION**

Mother appeals an order terminating her parental rights to her minor child, "Jenny."[1] The trial court found, by clear and convincing evidence, that statutory grounds exist for termination of Mother's, M.L., parental rights and that termination of her parental rights would be in the child's best interest. *See* Tex. Fam. Code Ann. § 161.001(b)(1)(D), (E), (N), (P), (2).[2]

---

[1]To protect the identity of the child, we use pseudonyms to refer to the child and the parents. *See* Tex. R. App. P. 9.8(b)(2).

[2]The trial court also terminated Father's parental rights, but he is not a party to this appeal.

Mother's appointed attorney submitted a brief in which she contends that there are no meritorious issues for appeal and that the appeal is frivolous. *See Anders v. California*, 386 U.S. 738 (1967); *In re L.D.T.*, 161 S.W.3d 728, 730–31 (Tex. App.—Beaumont 2005, no pet.) (noting *Anders* procedures apply in parental-rights termination cases). The brief presents the attorney's professional evaluation of the record and explains why no arguable grounds exist to overturn the trial court's judgment. The attorney represented to the Court that she gave Mother a copy of the *Anders* brief she filed and notified Mother of her right to file a pro se brief. The Court likewise notified Mother of her right to file a pro se response, the deadline for doing so, and provided Mother with a copy of the appellate record. Mother did not file a response with the Court.

We have independently evaluated the appellate record and the brief filed by Mother's court-appointed attorney. *See Penson v. Ohio*, 488 U.S. 75, 80 (1988) (citing *Anders*, 386 U.S. at 744); *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005); *In re K.R.C.*, 346 S.W.3d 618, 619 (Tex. App.—El Paso 2009, no pet.). Based on our review of the record, we have found nothing that would arguably support an appeal and agree that the appeal is frivolous and lacks merit. *See Bledsoe*, 178 S.W.3d at 827–28 ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for arguable error but found none, the court of appeals met the

2

requirements of Texas Rule of Appellate Procedure 47.1."); *In re K.R.C.*, 346 S.W.3d at 619. Therefore, we find it unnecessary to order appointment of new counsel to re-brief the appeal. *Cf. Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).

We affirm the trial court's order terminating Mother's parental rights. Should Mother decide to pursue an appeal to the Supreme Court of Texas, her counsel's obligation can be met "by filing a petition for review that satisfies the standards for an *Anders* brief." *See In re P.M.*, 520 S.W.3d 24, 27–28 (Tex. 2016) (citations omitted).

AFFIRMED.

W. SCOTT GOLEMON
Chief Justice

Submitted on June 23, 2025
Opinion Delivered June 26, 2025

Before Golemon, C.J., Wright and Chambers, JJ.