In The
*Court of Appeals*
*Ninth District of Texas at Beaumont*
NO. 09-21-00091-CV
IN THE INTEREST OF P.R. AND A.R.

**On Appeal from the 317th District Court**
**Jefferson County, Texas**
**Trial Cause No. F-237,227**

## MEMORANDUM OPINION

Mother and Father appeal from an order terminating their parental rights to their two children, P.R. and A.R.[1] The trial court found, by clear and convincing evidence, that statutory grounds exist for termination of Mother and Father's parental rights and that termination of their parental rights would be in the best interest of the children. *See* Tex. Fam. Code Ann. § 161.001(b)(1)(D), (E), (P), (2).

Mother and Father's appointed counsel submitted a separate brief for each of them in which counsel contends that there are no meritorious issues for appeal and

---

[1] We refer to the appellants as "Mother" and "Father" and their children by their initials to protect their identities. *See* Tex. R. App. P. 9.8(b)(2).

that the appeal is frivolous.[2] *See Anders v. California*, 386 U.S. 738 (1967); *In the Interest of L.D.T.*, 161 S.W.3d 728, 731 (Tex. App.—Beaumont 2005, no pet.) (holding that *Anders* procedures apply in parental-rights termination cases). The briefs present counsel's professional evaluation of the record and explains why no arguable grounds exist to overturn the trial court's judgment in either case. Their appellate counsel represented to the Court that he gave Mother and Father copies of the brief that was filed, notified both parents of their right to file a pro se brief, and provided them a copy of the appellate record. The Court notified Mother and Father of their right to file a pro se response and the deadline for doing so. The Court's records show that neither parent filed a response.

We have independently evaluated the appellate record and counsel's briefs. *See Penson v. Ohio*, 488 U.S. 75, 80 (1988) (citing *Anders*, 386 U.S. at 744); *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005); *In re K.R.C.*, 346 S.W.3d 618, 619 (Tex. App.—El Paso 2009, no pet.). Based on our review of the record, we conclude that no arguable grounds exist to support an appeal from the trial court's judgment, and we have found nothing that would arguably support an appeal. *See Bledsoe,* 178 S.W.3d at 827–28 ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record

---

[2] Mother and Father were in a relationship at the time this appeal was filed and have the same court appointed attorney on appeal.

2

for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1."); *In re K.R.C.*, 346 S.W.3d at 619. Therefore, we find it unnecessary to order appointment of new counsel to re-brief this appeal. *Cf. Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).

We affirm the trial court's order terminating Mother and Father's parental rights. We deny the motion to withdraw filed by their court-appointed appellate counsel because an attorney's duty extends through the exhaustion or waiver of all appeals. *See* Tex. Fam. Code Ann. § 107.016(3)(B); *In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016). Should Mother and Father decide to pursue an appeal to the Supreme Court of Texas, counsel's obligations to Mother and Father can be met "by filing a petition for review that satisfies the standards for an *Anders* brief." *See In re P.M.*, 520 S.W.3d at 27–28.

AFFIRMED.

_____
CHARLES KREGER
Justice

Submitted on August 11, 2021
Opinion Delivered August 26, 2021

Before Golemon, CJ, Kreger and Johnson, JJ.

3