**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-22-00245-CV**
_____

**IN THE INTEREST OF N.E.**

**On Appeal from the 279th District Court**
**Jefferson County, Texas**
**Trial Cause No. F-234,867**

**MEMORANDUM OPINION**

Mother appeals from an order terminating her parental rights to her four-year-old son, N.E.[1] The trial court found, by clear and convincing evidence, that statutory grounds exist for termination of Mother's parental rights and that termination of her parental rights would be in the best interest of the child.[2] *See* Tex. Fam. Code Ann. § 161.001(b)(1)(D), (E), (F), (K), (N), (O), (P), (2).

---

[1] To protect the identity of the child, we use pseudonyms to refer to the children and the parents. *See* Tex. R. App. P. 9.8(b)(2).

[2] The trial court had previously terminated the parental rights of the unknown father of N.E.

1

Mother's appointed attorney submitted a brief in which she contends that there are no meritorious issues for appeal and that the appeal is frivolous. *See Anders v. California*, 386 U.S. 738 (1967); *In re L.D.T.*, 161 S.W.3d 728, 730-31 (Tex. App.—Beaumont 2005, no pet.) (*Anders* procedures apply in parental-rights termination cases). The brief presents the attorney's professional evaluation of the record and explains why no arguable grounds exist to overturn the trial court's judgment. The attorney represented to the Court that she gave Mother a copy of the *Anders* brief she filed, notified Mother of her right to file a pro se brief, and provided Mother a copy of the appellate record. The Court notified Mother of her right to file a pro se response and of the deadline for doing so. Mother did not file a response with the Court.

We have independently evaluated the appellate record and the brief filed by Mother's court-appointed attorney. *See Penson v. Ohio*, 488 U.S. 75, 80 (1988) (citing *Anders*, 386 U.S. at 744); *Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005); *In re K.R.C.*, 346 S.W.3d 618, 619 (Tex. App.—El Paso 2009, no pet.). Based on our review, we have found nothing that would arguably support an appeal and we agree that the appeal is frivolous and lacks merit. *See Bledsoe*, 178 S.W.3d at 827-28 ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of

Appellate Procedure 47.1."); *In re K.R.C.*, 346 S.W.3d at 619. Therefore, we find it unnecessary to order appointment of new counsel to re-brief the appeal. *Cf. Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).

We affirm the trial court's order terminating Mother's parental rights. We deny the motion to withdraw filed by Mother's court-appointed appellate attorney because the right to counsel in suits seeking the termination of parental rights extends through the exhaustion or waiver of all appeals. *See* Tex. Fam. Code Ann. § 107.016(2)(B); *In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016). Accordingly, the obligation of Mother's counsel to Mother has not been discharged. *See In re P.M.*, 520 S.W.3d at 27. Should Mother decide to pursue an appeal to the Supreme Court of Texas, her counsel's obligation can be met "by filing a petition for review that satisfies the standards for an *Anders* brief." *See id.* at 27-28.

AFFIRMED.

_____
LEANNE JOHNSON
Justice

Submitted on December 28, 2022
Opinion Delivered January 12, 2023

Before Golemon, C.J., Horton and Johnson, JJ.