**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-23-00131-CV**
_____

**IN THE INTEREST OF K.H., I.H., Z.H., AND L.H.**

**On Appeal from the 279th District Court**
**Jefferson County, Texas**
**Trial Cause No. F-241,521**

**MEMORANDUM OPINION**

Appellant J.H. appeals from an order terminating her parental rights to her four children—nine-year-old K.H., seven-year-old I.H., two-year-old Z.H., and ten-month-old L.H.[1] The trial court found, by clear and convincing evidence, that statutory grounds exist for termination of J.H.'s parental rights and that termination of her parental rights would be in the children's best interests. *See* Tex. Fam. Code Ann. § 161.001(b)(1)(D), (E), (N), (O), (2).

---

[1] To protect the identity of the children, we use pseudonyms to refer to the children and the parents. *See* Tex. R. App. P. 9.8(b)(2). The trial court's Order of Termination also terminated the children's fathers' parental rights, but the fathers are not parties to this appeal.

J.H.'s appointed attorney submitted a brief in which she contends that there are no meritorious issues for appeal and that the appeal is frivolous. *See Anders v. California*, 386 U.S. 738 (1967); *In re L.D.T.*, 161 S.W.3d 728, 730-31 (Tex. App.—Beaumont 2005, no pet.) (*Anders* procedures apply in parental-rights termination cases). The brief presents the attorney's professional evaluation of the record and explains why no arguable grounds exist to overturn the trial court's judgment. The attorney represented to the Court that she gave J.H. a copy of the *Anders* brief she filed, notified J.H. of her right to file a pro se brief, and notified J.H. of how to access the appellate record. This Court notified J.H. of her right to file a pro se response and of the deadline for doing so. J.H. did not file a response with the Court.

We have independently evaluated the appellate record and the brief filed by J.H.'s court-appointed attorney. *See Penson v. Ohio*, 488 U.S. 75, 80 (1988) (citing *Anders*, 386 U.S. at 744); *Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005); *In re K.R.C.*, 346 S.W.3d 618, 619 (Tex. App.—El Paso 2009, no pet.). Based on our review, we have found nothing that would arguably support an appeal and we agree that the appeal is frivolous and lacks merit. *See Bledsoe*, 178 S.W.3d at 827-28 ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1."); *In re K.R.C.*, 346 S.W.3d at 619. Therefore, we find it

unnecessary to order appointment of new counsel to re-brief the appeal. *Cf. Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).

Accordingly, we affirm the trial court's order terminating J.H.'s parental rights.[2]

AFFIRMED.

LEANNE JOHNSON
Justice

Submitted on October 18, 2023
Opinion Delivered October 19, 2023

Before Horton, Johnson and Wright, JJ.

---

[2] We note that if Appellant decides to pursue review by the Supreme Court of Texas, counsel may satisfy her obligations to Appellant "by filing a petition for review that satisfies the standards for an *Anders* brief." *In re P.M.*, 520 S.W.3d 24, 27-28 (Tex. 2016).