In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-24-00186-CV**
_____

**IN THE INTEREST OF K.A., R.G., AND R.H.**

**On Appeal from the 279th District Court**
**Jefferson County, Texas**
**Trial Cause No. 23DCFM0894**

**MEMORANDUM OPINION**

Mother appeals from three orders terminating her parental rights to her three children, K.A., R.G., and R.H.[1] The trial court found by clear and convincing evidence that statutory grounds exist for termination of Mother's parental rights and that termination of her parental rights would be in the best interest of the children. *See* Tex. Fam. Code Ann. § 161.001(b)(1)(D), (E), (N), (2).

---

[1] The trial court named R.G.'s father as sole managing conservator of R.G., K.A.'s father was named sole managing conservator of K.A., and the Department remained temporary managing conservator of R.H., whose father is unknown. The fathers are not parties to this appeal.

Mother's appointed attorney submitted a brief in which he contends that there are no meritorious issues for appeal and that the appeal is frivolous. *See Anders v. California*, 386 U.S. 738 (1967); *In re L.D.T.*, 161 S.W.3d 728, 730-31 (Tex. App.—Beaumont 2005, no pet.) (*Anders* procedures apply in parental-right termination cases). The brief presents the attorney's professional evaluation of the record and explains why no arguable grounds exist to overturn the trial court's judgment. The attorney represented to the Court that he gave Mother a copy of the *Anders* brief he filed, notified Mother of her right to file a pro se brief, and notified Mother of how to access the appellate record. The Court notified Mother of her right to file a pro se response and of the deadline for doing so. Mother did not file a response with the Court.

We have independently reviewed the appellate record and the brief filed by Mother's court-appointed attorney. *See Penson v. Ohio*, 488 U.S. 75, 80 (1988) (citing *Anders*, 386 U.S. at 744); *Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005); *In re K.R.C.*, 346 S.W.3d 618, 619 (Tex. App.—El Paso 2009, no pet.). Based on our review, we have found nothing that would arguably support an appeal, and we agree that the appeal is frivolous and lacks merit. *See Bledsoe*, 178 S.W.3d at 827-28 ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas

2

Rule of Appellate Procedure 47.1."); *In re K.R.C.*, 346 S.W.3d at 619. Therefore, we find it unnecessary to order appointment of new counsel to re-brief the appeal. *Cf. Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).

Accordingly, we affirm the trial court's orders terminating Mother's parental rights.[2]

AFFIRMED.

LEANNE JOHNSON
Justice

Submitted on September 16, 2024
Opinion Delivered September 26, 2024

Before Golemon, C.J., Johnson and Wright, JJ.

---

[2] We note that if Appellant decides to pursue review in the Supreme Court of Texas, counsel may satisfy his obligations to Appellant "by filing a petition for review that satisfies the standards for an *Anders* brief." *In re P.M.*, 520 S.W.3d 24, 27-28 (Tex. 2016).