In The

## *Court of Appeals*

## *Ninth District of Texas at Beaumont*

_____

## NO. 09-24-00345-CV
_____

## IN THE INTEREST OF S.M.

_____

**On Appeal from the 317th District Court**
**Jefferson County, Texas**
**Trial Cause No. 23DCFM0895**

_____

## MEMORANDUM OPINION

Mother appeals from an order terminating her parental rights to her three children, S.M., G.P., and A.P.[1] The trial court found, by clear and convincing evidence, that statutory grounds exist for termination of Mother's parental rights and that termination of her parental rights was in the best interest of the children. *See* Tex. Fam. Code Ann. § 161.001(b)(1)(D), (E), (N), (O), (2).[2]

---

[1]To protect the identity of the children, we use initials to refer to the children. *See* Tex. R. App. P. 9.8(b)(2).

[2]The trial court also found, by clear and convincing evidence, that statutory grounds exist for termination of Father's parental rights and that termination of his parental rights to S.M. would be in the best interest of the child. Father is not a party to this appeal. The father of G.P. and A.P. is deceased.

Mother's court-appointed attorney submitted a brief in which her attorney contends that there are no meritorious issues for appeal and that the appeal is frivolous. *See Anders v. California*, 386 U.S. 738 (1967); *In re L.D.T.*, 161 S.W.3d 728, 730–31 (Tex. App.—Beaumont 2005, no pet.) (*Anders* procedures apply in parental-rights termination cases.). The brief presents the attorney's professional evaluation of the record and explains why no arguable grounds exist to overturn the trial court's judgment. The attorney represented to the Court that she gave Mother a copy of the *Anders* brief she filed, notified Mother of her right to file a pro se brief, and provided Mother a copy of the appellate record. The Court notified Mother of her right to file a pro se response and of the deadline for doing so. Mother did not file a response with the Court.

We have independently evaluated the appellate record and the brief filed by Mother's court-appointed attorney. *See Penson v. Ohio*, 488 U.S. 75, 80 (1988) (citing *Anders*, 386 U.S. at 744); *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005); *In re K.R.C.*, 346 S.W.3d 618, 619 (Tex. App.—El Paso 2009, no pet.). Based on our review of the record, we have found nothing that would arguably support an appeal and we agree that the appeal is frivolous and lacks merit. *See Bledsoe*, 178 S.W.3d at 827–28 ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the

2

requirements of Texas Rule of Appellate Procedure 47.1."); *In re K.R.C.*, 346 S.W.3d at 619. Therefore, we find it unnecessary to order appointment of new counsel to re-brief this appeal. *Cf. Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).

Accordingly, we affirm the trial court's order.[3]

AFFIRMED.

KENT CHAMBERS
Justice

Submitted on March 12, 2025
Opinion Delivered March 13, 2025

Before Johnson, Wright and Chambers, JJ.

---

[3]We note that if Mother decides to pursue review by the Supreme Court of Texas, counsel may satisfy her obligations to Mother "by filing a petition for review that satisfies the standards of an *Anders* brief." *In re P.M.*, 520 S.W.3d 24, 27–28 (Tex. 2016).