

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-24-00568-CV

_____

IN THE INTEREST OF A.B., A CHILD

On Appeal from the 233rd District Court
Tarrant County, Texas
Trial Court No. 233-580676-15

Before Sudderth, C.J.; Bassel and Walker, JJ.
Memorandum Opinion by Justice Bassel

## MEMORANDUM OPINION

This is an ultra-accelerated appeal[1] in which Appellant Father[2] appeals the termination of his parental rights to his teenaged son A.B. following a bench trial. The trial court terminated Father's parental rights based on clear and convincing evidence of constructive abandonment and A.B.'s best interest. *See* Tex. Fam. Code Ann. § 161.001(b)(1)(N), (b)(2).

Father's court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion, averring that after conducting a thorough review of the record, she believes that the appeal is frivolous. *See Anders v. California*, 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967); *see also In re K.M.*, 98 S.W.3d 774, 776–77 (Tex. App.—Fort Worth 2003, no pet.) (reasoning that *Anders* procedures apply in noncriminal appeals when appointment of counsel is mandated by statute). The brief meets the requirements of *Anders* by presenting a professional evaluation of the record and demonstrating why there are no arguable grounds to be advanced on appeal. Although given the opportunity, Father did not file a response. The Department of Family and Protective Services filed a letter stating that it agreed

---

[1]*See* Tex. R. Jud. Admin. 6.2(a) (requiring appellate court to dispose of appeal from judgment terminating parental rights, so far as reasonably possible, within 180 days after notice of appeal is filed).

[2]In a termination-of-parental-rights case, we use pseudonyms to identify the child's parents and initials to identify the child. *See* Tex. Fam. Code Ann. § 109.002(d); Tex. R. App. P. 9.8(b)(2).

with appointed counsel's assessment and would not be submitting a response to the *Anders* brief.

As the reviewing appellate court, we must independently examine the record to decide whether an attorney is correct in determining that the appeal is frivolous. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *In re K.R.C.*, 346 S.W.3d 618, 619 (Tex. App.—El Paso 2009, no pet.). Having carefully reviewed the record and the *Anders* brief, we agree that Father's appeal is frivolous. We find nothing in the record that might arguably support Father's appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005).

Because Father's appeal is frivolous, we affirm the trial court's judgment terminating his parental rights to A.B., but we deny counsel's motion to withdraw. Counsel remains appointed in this case through any proceedings in the Texas Supreme Court unless otherwise relieved of these duties. *See In re P.M.*, 520 S.W.3d 24, 27–28 (Tex. 2016) (order); *In re J.W.*, No. 02-22-00161-CV, 2022 WL 15076379, at *1 (Tex. App.—Fort Worth Oct. 27, 2022, pet. denied) (mem. op. on reh'g).

/s/ Dabney Bassel

Dabney Bassel
Justice

Delivered: April 3, 2025

3