In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-25-00065-CV**
_____

**IN THE INTEREST OF M.L. JR.**

**On Appeal from the 317th District Court**
**Jefferson County, Texas**
**Trial Cause No. 23DCFM1521**

**MEMORANDUM OPINION**

M.L. ("Martin") appeals from an order terminating his parental rights to his one-year-old son, M.L. Jr. ("Marcus").[1] The trial court found, by clear and convincing evidence, that statutory grounds exist for the termination of Martin's parental rights and that termination of his parental rights would be in the best interest of the child. *See* Tex. Fam. Code Ann. § 161.001(b)(1)(D), (E), (O), (P), (2).

---

[1] To protect the child's identity, we use pseudonyms to refer to the child and the parents. *See* Tex. Fam. Code Ann. § 109.002(d); Tex. R. App. P. 9.8(b)(2). The trial court's First Amended Order of Termination also terminated the child's mother's parental rights, but the mother is not a party to this appeal.

1

Martin's appointed attorney submitted a brief in which she contends that there are no meritorious issues for appeal and that the appeal is frivolous. *See Anders v. California*, 386 U.S. 738 (1967); *In re L.D.T.*, 161 S.W.3d 728, 730-31 (Tex. App.—Beaumont 2005, no pet.) (*Anders* procedures apply in parental-right termination cases). The brief presents the attorney's professional evaluation of the record and explains why no arguable grounds exist to overturn the trial court's judgment. The attorney represented to the Court that she gave Martin a copy of the *Anders* brief she filed, notified Martin of his right to file a pro se brief, and notified Martin of how to access the appellate record. The Court notified Martin of his right to file a pro se response and of the deadline for doing so. Martin did not file a response with the Court.

We have independently evaluated the appellate record and the brief filed by Martin's court-appointed attorney. *See Penson v. Ohio*, 488 U.S. 75, 80 (1988) (citing *Anders*, 386 U.S. at 744); *Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005); *In re K.R.C.*, 346 S.W.3d 618, 619 (Tex. App.—El Paso 2009, no pet.). Based on our review, we have found nothing that would arguably support an appeal, and we agree that the appeal is frivolous and lacks merit. *See Bledsoe*, 178 S.W.3d at 827-28 ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas

Rule of Appellate Procedure 47.1."); *In re K.R.C.*, 346 S.W.3d at 619. Therefore, we find it unnecessary to order appointment of new counsel to re-brief the appeal. *Cf. Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).

Accordingly, we affirm the trial court's order terminating Martin's parental rights.[2]

AFFIRMED.

LEANNE JOHNSON
Justice

Submitted on July 28, 2025
Opinion Delivered July 31, 2025

Before Golemon, C.J., Johnson and Chambers, JJ.

---

[2] We note that if Appellant decides to pursue review in the Supreme Court of Texas, counsel may satisfy her obligations to Appellant "by filing a petition for review that satisfies the standards for an *Anders* brief." *In re P.M.*, 520 S.W.3d 24, 27-28 (Tex. 2016).