In The
*Court of Appeals*
*Ninth District of Texas at Beaumont*
**NO. 09-25-00234-CV**
**IN THE INTEREST OF E.A.G.**

**On Appeal from the 1A District Court**
**Jasper County, Texas**
**Trial Cause No. 41213**

**MEMORANDUM OPINION**

L.H. ("Linda") appeals from an order terminating her parental rights to her seven-year-old son, E.A.G. ("Edward")[1] The trial court found, by clear and convincing evidence, that statutory grounds exist for the termination of Linda's parental rights and that termination of her parental rights would be in the best interest of the child. *See* Tex. Fam. Code Ann. § 161.001(b)(1)(D), (E), (O), (P), (2).

---

[1] To protect the child's identity, we use pseudonyms to refer to the child and the parents. *See* Tex. R. App. P. 9.8(b)(2). The trial court's Order of Termination also terminated the child's father's parental rights, but the father is not a party to this appeal.

Linda's appointed attorney submitted a brief in which he contends that there are no meritorious issues for appeal and that the appeal is frivolous. S*ee Anders v. California*, 386 U.S. 738 (1967); *In re L.D.T.*, 161 S.W.3d 728, 730-31 (Tex. App.—Beaumont 2005, no pet.) (*Anders* procedures apply in parental-right termination cases). The brief presents the attorney's professional evaluation of the record and explains why no arguable grounds exist to overturn the trial court's judgment. The attorney filed a letter with this Court indicating that he gave Linda a copy of the *Anders* brief he filed, notified Linda of her right to file a pro se brief, and included the appellate record in an appendix to the *Anders* brief filed with this Court. The Court notified Linda of her right to file a pro se response and of the deadline for doing so. Linda did not file a response with the Court.

We have independently evaluated the appellate record and the brief filed by Linda's court-appointed attorney. *See Penson v. Ohio*, 488 U.S. 75, 80 (1988) (citing *Anders*, 386 U.S. at 744); *Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005); *In re K.R.C.*, 346 S.W.3d 618, 619 (Tex. App.—El Paso 2009, no pet.). Based on our review, we have found nothing that would arguably support an appeal, and we agree that the appeal is frivolous and lacks merit. *See Bledsoe*, 178 S.W.3d at 827-28 ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate

Procedure 47.1."); *In re K.R.C.*, 346 S.W.3d at 619. Therefore, we find it unnecessary to order appointment of new counsel to re-brief the appeal. *Cf. Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).

Accordingly, we affirm the trial court's order terminating Linda's parental rights.[2]

AFFIRMED.

LEANNE JOHNSON
Justice

Submitted on November 4, 2025
Opinion Delivered November 6, 2025

Before Johnson, Wright and Chambers, JJ.

---

[2] We note that if Appellant decides to pursue review in the Supreme Court of Texas, counsel may satisfy his obligations to Appellant "by filing a petition for review that satisfies the standards for an *Anders* brief." *In re P.M.*, 520 S.W.3d 24, 27-28 (Tex. 2016).