**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-26-00002-CV**
_____

**IN THE INTEREST OF M.F.**

**On Appeal from the 253rd District Court**
**Liberty County, Texas**
**Trial Cause No. 23DC-CV-01817**

**MEMORANDUM OPINION**

S.F. ("Susan") appeals from an order terminating her parental rights to her four-year-old daughter, M.F. ("Margaret").[1] The jury found, by clear and convincing evidence, that statutory grounds exist for the termination of Susan's parental rights and that termination of her parental rights would be in the best interest of the child. *See* Tex. Fam. Code Ann. § 161.001(b)(1)(D), (E), (N), (O), (P), (2). The trial court

---

[1] To protect the child's identity, we use pseudonyms to refer to the child and the parents. *See* Tex. Fam. Code Ann. § 109.002(d); Tex. R. App. P. 9.8(b)(2). The trial court's Order of Termination also terminated the child's father's parental rights, but the father is not a party to this appeal.

signed an Order of Termination in accordance with the jury's verdict, terminating Susan's parental rights to Margaret. Susan timely appealed.

Susan's appointed attorney submitted a brief in which she contends that there are no meritorious issues for appeal and that the appeal is frivolous. *See Anders v. California*, 386 U.S. 738 (1967); *In re L.D.T.*, 161 S.W.3d 728, 730-31 (Tex. App.— Beaumont 2005, no pet.) (*Anders* procedures apply in parental-right termination cases). The brief presents the attorney's professional evaluation of the record and explains why no arguable grounds exist to overturn the trial court's judgment. The attorney filed a letter with this Court indicating that she gave Susan a copy of the *Anders* brief she filed, notified Susan of her right to file a pro se brief, and advised Susan on how to access the appellate record. The Court notified Susan of her right to file a pro se response and of the deadline for doing so. Susan did not file a response with the Court.

We have independently evaluated the appellate record and the brief filed by Susan's court-appointed attorney. *See Penson v. Ohio*, 488 U.S. 75, 80 (1988) (citing *Anders*, 386 U.S. at 744); *Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005); *In re E.A.G.*, No. 09-25-00234-CV, 2025 Tex. App. LEXIS 8567, at *2 (Tex. App.—Beaumont Nov. 6, 2025, pet. denied) (citing *In re K.R.C.*, 346 S.W.3d 618, 619 (Tex. App.—El Paso 2009, no pet.)). Based on our review, we have found nothing that would arguably support an appeal, and we agree that the appeal is

frivolous and lacks merit. *See Bledsoe*, 178 S.W.3d at 827-28 ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1."); *In re E.A.G.*, 2025 Tex. App. LEXIS 8567, at *2 (citing *In re K.R.C.*, 346 S.W.3d at 619). Therefore, we find it unnecessary to order appointment of new counsel to re-brief the appeal. *Cf. Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).

Accordingly, we affirm the trial court's order terminating Susan's parental rights.[2]

AFFIRMED.

LEANNE JOHNSON
Justice

Submitted on May 11, 2026
Opinion Delivered May 21, 2026

Before Golemon, C.J., Johnson and Wright, JJ.

---

[2] We note that if Appellant decides to pursue review in the Supreme Court of Texas, counsel may satisfy her obligations to Appellant "by filing a petition for review that satisfies the standards for an *Anders* brief." *In re P.M.*, 520 S.W.3d 24, 27-28 (Tex. 2016).